Nash, J.
 

 The plaintiffs claimed the land in dispute under a grant, issued in 1834 and embraced in the diagram N. M. O. P. The defendants produced no deed nor color of title, but relied upon a long possession up to known and visible boundai’ies, and proved by a witness, that, twenty six years before the action was brought, he saw three trees at A. B. and C. on the diagram, marked as corner trees to land boundaries, that his father then lived at the spot, marked with figure 4, and claimed those trees as boundries* of
 
 the tract
 
 of land A. B. E. F. and had enclosures about and north of his dwelling. Evidence was given by defendants of small fields being cleared and fenced in on different parts of the land claimed by them, and of their actual occupation, but as our opinion does not rest upon the length of possession of the defendants and of those under whom they claim, a more minute detail of facts, relative to it, is not given. His Honor instructed the jury,
 
 *447
 
 that, if the defendants and those under whom they claim, had actual possession of some part of the land claimed
 
 up to well known and visible lines and boundaries,
 
 by enclosures on some part of the land, for thirty-eight or even thirty years before the commencement of the suit, claiming all that time
 
 up to well known and visible lines and boundaries,
 
 and exercising, during this time, acts of ownership up to these
 
 well defined lines and boundaries,
 
 &c., then it would be their duty to find for the defendants. The objection to the charge was, if it were right in the abstract, its inapplicability to the facts in the case and it being calculated to mislead the jury. When there is
 
 no proof
 
 to establish a fact relied on, the jury should be so instructed; and it is not .the duty of the Court to state to them an abstract proposition, but state the law as applicable to the fact proved.
 
 Redman
 
 v.
 
 Roberts,
 
 1 Ire. 479,
 
 Rowland
 
 v.
 
 Rowland,
 
 2 Ire. 61,
 
 State
 
 v.
 
 Martin, 2
 
 Ire. 101,
 
 State v. Collins,
 
 8 Ire. 407. In this case there was no evidence whatever of any
 
 marked
 
 lines around the tract of land, claimed by the defendants, only three trees marked as corner trees to land boundaries were shown to exist or to have ever existed. For this error the judgment is reversed and a
 
 venire de novo
 
 awarded.
 

 Per Curiam. Judgment reversed and
 
 venire de novo
 
 awarded.