Nash, C. J.
 

 There is no error. Three cases, decided at the December Term, 1856, of this court, have settled the principle in contest here.
 
 Thompson
 
 v. Whitman, 4 Jones’ Rep. 48 ;
 
 Ingram
 
 v. Ingram, Ibid 188 ;
 
 Garner
 
 v. Qualls, Ibid 223.
 

 In the first of these cases, it is decided that the concealment of a felony is an indictable offense, and that the offense is greatly aggravated by compounding the felony, that is, “ by an agreement not to prosecute, or make known what has come to the knowledge of the party.” In offenses less than felony,
 
 *487
 
 .this compounding or concealment is not indictable, but it is, nevertheless, against the policy of the law and the due course of justice, and a court of law will not lend its aid to enforce any such contract or agreement.
 

 In
 
 Garner
 
 v. Qualls, the same doctrine is held — the court declaring that no executory contract, the consideration of which is
 
 contra bonos
 
 mores, or against the public policy, or the laws of the State, can be enforced in a court of justice. The consideration there, was the compounding, or suppressing, a prosecution for an alleged forgery. The bond is declared void, although the act may never have been, in the view of the law, a forgery.
 

 In
 
 Ingrain’s
 
 case, the court declare that an agreement among persons interested in an estate, not to hid against each other at the administrator’s sale, is void, as being against the public policy.
 

 It may be now, therefore, pronounced a settled principle, “ that all contracts founded upon agreements to compound felonies, or to stifle prosecutions of any kind,” are void, and cannot be enforced.
 

 The note upon which the action is brought, has this condition, to wit: “ Now, this note to be good and legal, provided the said Yanover shall not appear as a prosecutor, or witness, against James Thompson, with whom the said Yanover has a controversy; now, if the said Yanover shall thus appear, this note to be null and void.”
 

 A State’s warrant had been issued by a justice of the peace against the present defendant, Thompson,'at the instance of the plaintiff. On its return before the magistrate, Yanover did not appear as a prosecutor, or witness, and the proceedings were dismissed. What was the charge against Thompson, we are not informed, nor is it material in this investigation; the note, upon which the suit is brought, was given for the compounding of a prosecution — -the suppression of testimony in the case — an iniquitous obstruction of the course of justice, which in one class of eases is indictable, and in all, is contrary to the law, and justice.
 

 
 *488
 
 In the defense, it was insisted, that parties are frequently permitted, in the courts in England, to compromise, or come to an understanding on an indictment for a misdemeanor. That is true, but it is always done under the sanction of the court, and after a conviction, to enable the court to properly graduate the punishment of the defendant; and it is frequently done in this State by our Judges. But in nowise can such a case amount to an improper interference with the course of justice.
 

 The bond or note, upon which the action is brought, is void on account of the corrupt and illegal consideration upon which it is founded.
 

 Pee Cubiam. Judgment affirmed.