WILLIAMS v. HARRIS.

(Filed March 8, 1905).

*Instruction Without Evidence—Exception.*

It is error to give to the jury an abstract proposition of law without any evidence to support it, and an exception thereto is valid, if entered within ten days after adjournment of the term.

ACTION by H. G. Williams & Co. against J. R. Harris, sheriff, heard by *Judge Fred. Moore* and a jury at the April Term, 1904, of the Superior Court of EDGECOMBE County. From a judgment for defendant, the plaintiff appealed.

*Bunn & Bunn* and *F. S. Spruill,* for the plaintiff.
*Gilliam & Bassett,* for the defendant.

CLARK, C. J. This is an action to recover one barrel of whiskey. The evidence was that the plaintiffs shipped the barrel of whiskey to one Cuthrell without any order from him and without his knowledge; that he wrote plaintiffs at once that he had not ordered it and would not receive it, but had taken it out of depot to save storage charges against plaintiffs—paying freight on it for them (which they paid back)—that it was subject to their order, though if they

chose to let it stay till he should want it for use, he would take it, but could not use it at that time; to this plaintiffs assented by letter. Cuthrell never included the whiskey in any settlement with plaintiffs and on an execution against him declined to allow this barrel to be included in the allotment of his exemption because not his property. The defendant is the sheriff who seized the property under execution against Cuthrell. The only issue found was whether the plaintiffs were the owners of the whiskey, to which the jury responded "No."

The Court charged the jury that upon the evidence Cuthrell did not order the whiskey and that plaintiff's reply to Cuthrell's letter did not constitute a sale, but added that invoicing the whiskey to Cuthrell was an offer to sell, and "if Cuthrell in receiving it from the common carrier and taking it into his possession did so with the intention of accepting the offer thus made, this amounted to an acceptance and vested title to the whiskey in Cuthrell." This was excepted to. This instruction was unsupported by the evidence, which was uncontradicted, that Cuthrell had then no such intention. Upon the question whether the subsequent offer by Cuthrell to hold the whiskey till he should have use for it did not constitute a conditional sale, the Court charged that the plaintiff's reply was not sufficient to constitute such sale, and the defendant is not appealing.

It was error in the Judge to give to the jury an abstract proposition of law not supported by any view of the evidence. *Brown v. Patton,* 35 N. C., 446; *King v. Wells,* 94 N. C., 344. It has been uniformly held by this Court that a failure to instruct the jury that there is no evidence (cases cited in Clark's Code (3 Ed.), p. 511), or indeed an omission or failure to give any proper instruction, is waived unless there is a prayer for such instruction. Clark's Code (3 Ed.), p. 514, and numerous cases cited. But none the

less if there is an error in the instruction given an exception thereto is valid if entered within ten days after adjournment for the term. Code, sec. 550. An error upon the face of the charge (unlike a mere failure to charge which is waived by not requesting an instruction) is only waived by not entering an exception thereto in the time allowed by law. Rule 27; Clark's Code (3 Ed.), pp. 920, 777, 778, 512, 513; Code, sec. 550. The instruction here given of a proposition of law, without any evidence to support it, *King v. Wells,* 94 N. C., 344, was duly excepted to and was

      Error.