The plaintiff declared on a note for $275 due 1 January, 1900, and a mortgage to secure the same on the land described in the complaint. The defendant admitted that she executed both the note and the mortgage, and by way of defense alleged that she was never indebted, herself, to the plaintiff in any sum, and that her signature to this instrument was procured by the plaintiff's agent, and at the time she signed the same the said agent said to her in substance that Theodore Clute, the son of the defendant, was indebted to the plaintiff in the sum of $275 and had obtained said amount in goods, wares merchandise, and money by false pretense, and that if this defendant did not execute the said note and mortgage, the plaintiff would institute criminal proceedings against Theodore Clute and would send him to the penitentiary under said proceedings; that the defendant, being old, feeble, and inexperienced in business affairs, and greatly excited and alarmed by said false statements and threats, and being urgently pressed by said agent and attorneys, who refused to allow this defendant to investigate the matter stated to her, and without consulting counsel, signed said note and mortgage, as she was then made to believe, in order that she might save her son from criminal prosecution under the threats and charges, but having received no valuable consideration from the plaintiff. The defendant further answered that the sole and only consideration for the note and mortgage was the agreement and promise on the part of the plaintiff to forbear and suppress a criminal prosecution in the courts of this State for a felony, to wit, "false pretense," against her son, and the threat to prosecute her son for such felony unless she executed said note and mortgage, and the promise and agreement not to prosecute if she did execute the same was the sole and only inducement and consideration for signing and executing said note and mortgage, and she is advised and believes that said note and (548) mortgage are void, and prays that they be canceled.
The following issue was submitted to the jury upon the pleadings: "Did the plaintiff by his agent represent to the defendant, Nancy Clute, that her son, Theodore Clute, was guilty of an offense which would send him to the penitentiary, and did the plaintiff threaten to prosecute her said son for such offense if she did not sign the note and mortgage, and did she sign the note and mortgage to induce the plaintiff not to prosecute said son for such offense, and did the plaintiff agree not to prosecute her son in consideration of her signing said note and mortgage?" On this issue the plaintiff presented the note and mortgage and the defendant offered evidence tending to establish the allegations of the answer. *Page 402 
The court charged the jury that the burden was on the defense to satisfy them by the greater weight of the evidence before they could answer the issue "Yes." In other words, if the evidence failed to satisfy them that the plaintiff agreed not to prosecute her son on the defendant's signing the note and mortgage, it was their duty to answer the issue "No." If the defendant had satisfied them by the evidence that the plaintiff through his agents did threaten to prosecute the defendant's son for a penitentiary offense unless she executed a note and mortgage, and agreed that if she executed a note and mortgage he would not prosecute him, and she signed the note and mortgage to save her son from being prosecuted for a penitentiary offense, or an offense which she was made to believe from the representations of the plaintiff's agent was a penitentiary offense, it was their duty to answer the issue "Yes." Under the charge of the court the jury answered the issue "Yes."
(549) During the progress of the trial the plaintiff noted material exceptions as follows: At the close of the defendant's testimony the plaintiff moved for judgment, which was refused, and the plaintiff excepted. Plaintiff then rested, and moved for judgment on the entire testimony. This was refused, and plaintiff again excepted. Plaintiff then requested the court to charge the jury that if they believed the evidence they would answer the issue "No." This was refused, and plaintiff excepted. On the rendition of the verdict the plaintiff moved for judgment on the verdict, which was refused, and plaintiff again excepted.
All these exceptions were evidently made with the design of presenting the one question, whether upon the pleadings and entire testimony the defendant had made out a case sufficient to invalidate the plaintiff's note and mortgage. The plaintiff takes the position that the defendant's case should be made to turn on the question of duress, whether the papers presented against her were signed by her willingly, or whether she was so wrought upon by her fears aroused by the threats against her son that she was no longer a free agent in the execution of these papers. The plaintiff presented an issue addressed to this view of the defense — faulty, it is true, because it was evidential only, and not at all determinative, and the argument and authorities cited by counsel on this appeal are all addressed to this same phase of the defense. The position is forcibly presented, and we have grave doubts if the evidence is sufficient to support the allegations of duress.
We are not called on, however, to determine this question, because we do not think the defense can be so confined, nor that the cause was tried on this feature of the answer at all.
There is in the defendant's answer a complete defense stated, that the only consideration of the note and mortgage was the agreement and *Page 403 
promise on the part of the plaintiff to forbear and suppress (550) a criminal prosecution in the courts of this State for felony, to wit, a false pretense against her son, and the threat to prosecute her son for said felony, etc., and the promise and agreement not to prosecute was the sole and only consideration and inducement for the signing of the note and mortgage. The issue, while containing some matter by way of inducement, has this question presented in clear and unmistakable terms, and the answer decides it against the plaintiff. There was evidence, too supporting this defense and sufficient to warrant the verdict.
The defendant herself testified (at the time the note and mortgage were executed) that "the plaintiff's agent told me that my son had committed a penitentiary offense, and, without satisfaction, they would put the law to him to the fullest extent." Mrs. Z. E. Matthews, a witness for the defendant, testified that she was present when the note and mortgage were executed, and heard the plaintiff's agent say to the defendant that "he had a letter in his pocket from his house to put the law to her son to the fullest extent, that he has mortgaged his property as much as seven or eight times, and that is a penitentiary offense, and without satisfaction, his house would push the case to the fullest extent, but if my mother would let him have the rent money it would be all right with the house." Again, the same witness testified, "They said if mama (defendant) would let them have the rent money and back it up by the mortgage, they would not prosecute, Theodore. The note was to represent these rents and the mortgage was to secure the note."
The charge of the court properly put the burden on the defendant of making her defense good, and under that charge the jury have found the facts as shown in the verdict. It will not be contended that the plaintiff is not bound by the statements of his agent. He is here now, asserting his claims under the note and mortgage obtained for him by this transaction, and if he claims the benefits he must accept the (551) responsibility. Harris v. Delamar, 38 N.C. 219; Black v. Bayless,86 N.C. 527. And on the facts as established by the verdict the authorities are all against the validity of the plaintiff's claim. Vanoverv. Thompson, 49 N.C. 485; Garner v. Qualls, ibid., 223; Lindsay v. Smith,78 N.C. 328. It has been suggested that these decisions are not controlling, because in this case no indictment had been found nor prosecution instituted. But there is no reason for any such distinction. Authority is equally against it.
It is against public policy that the enforcement of the criminal law should be obstructed or perverted by contracts made on such consideration in furtherance of personal and private interests, and this forbidden result can be accomplished as effectually by the suppression of inquiry before as after prosecution commenced. Garner v. Qualls, supra, holds *Page 404 
that "Where the obligee represented to the obligor in a bond that a relation of the latter had committed an indictable offense, and procured the bond in question to be executed by agreeing not to prosecute for such offense, it is void, whether any such offense had been committed or not." The facts of that case are remarkably like the present, and show that no prosecution had been instituted. They are stated thus: "It was proved that the plaintiff represented to Mrs. Qualls, the principal in the bond, that her son-in-law, one Fowler, had committed three several forgeries, and told her he would prosecute him for these offenses unless she gave him her bond for the amount Fowler owed him, and that if she would give him her bond he would not prosecute. She thereupon procured the other defendants to join in the obligation and delivered it to the plaintiff. There was no other evidence that Fowler had committed the offense imputed to him than the above declaration of (552) the plaintiff." Battle, J., in delivering the opinion says: "It is now well established, as a broad, conservative principle, that no executory contract, the consideration of which is contra bonos mores or against the public policy or the laws of the State, can be enforced in a court of justice. Blythe v. Livingood, 24 N.C. 20; Ingram v. Ingram,49 N.C. 188. It is manifest that contracts founded upon agreements to compound felonies, or to stifle public prosecution of any kind, come within the range of this salutary principle."
The authorities are decisive against the claim of the plaintiff and the judgment must be
Affirmed.
Cited: Burton v. Belvin, 142 N.C. 153; Typewriter Co. v. Hardware Co.,143 N.C. 101; Beeson v. Smith, 149 N.C. 145, 146; Sprunt v. May,156 N.C. 392; Banks v. Justice, 157 N.C. 375.