CARL B. WORLEY AND WIFE, RENA WORLEY, v. CHAMPION MOTOR COMPANY, TYRUS H. ANDREWS AND WALTER CLARK, TRUSTEE.

(Filed 9 October, 1957.)

**1. Trial § 19—**

Whether the evidence is sufficient to be submitted to the jury is a question of law for the court.

**2. Trial § 22b—**

On motion to nonsuit evidence favorable to defendant is disregarded.

**3. Trial § 22c—**

On motion to nonsuit, all conflicts in the evidence are resolved in favor of plaintiffs.

**4. Cancellation and Rescission of Instruments § 2—**

Evidence that plaintiffs were induced to execute the note and deed of trust in question under duress by a threat of prosecution for embezzlement *held* sufficient to be submitted to the jury.

**5. Cancellation and Rescission of Instruments § 10½—**

In an action to cancel an instrument for duress there must be allegation, supporting evidence and a proper issue to support a charge on the effect of an agreement to compound a felony, and where the allegation and evidence do not embrace any agreement to forego prosecution but merely that plaintiffs were induced to execute the instruments in question by threat of prosecution of the male plaintiff for embezzlement, a charge on the effect of an agreement to compound a felony must be held prejudicial.

**6. Trial § 31c—**

It is error for the trial court to charge the jury as to matter not presented by allegation, supported by evidence and embraced in the issues.

APPEAL by defendant Champion Motor Company from *Froneberger, J.*, January, 1957 Term, HAYWOOD Superior Court.

Civil action (1) to restrain foreclosure sale under deed of trust executed by the plaintiffs to Walter Clark, Trustee, to secure the payment of a note for $7,488 to Champion Motor Company, and (2) to require the surrender and cancellation of the note and deed of trust upon the alleged ground their execution was procured by duress.

The plaintiffs alleged the Champion Motor Company employed Tyrus H. Andrews to "investigate the financial activities and records" of its employees "for the purpose of obtaining evidence of misappropriation or misapplication of funds by said employees, . . . and in the event such evidence was obtained, the defendant Andrews would thereupon, by means of threats of criminal prosecution, extort . . . money from said employees . . . to be divided between the defendant Andrews and the defendant Champion Motor Company."

"That the defendant Andrews began an investigation of the plaintiff Carl B. Worley's activities and operations, as manager of said parts department, and ascertained that over a period of some weeks, the plaintiff Carl B. Worley had, in the rush of business, inadvertently failed to complete sales invoices on some parts issued or sold by him, in the amount of approximately $29.00"; and that the plaintiff was not otherwise indebted to the corporate defendant.

That under threats of prosecution for embezzlement the plaintiff Carl B. Worley signed a statement admitting having failed to account for the sum of $29.00 received by him on recent sales of parts. After obtaining the signed statement the defendant Andrews and officers of the Champion Motor Company, by coercion and threats, caused the plaintiff Carl B. Worley to sign a statement admitting that during the preceding 12 years he had failed to account to his employer for an average of $12.00 per week received by him in the course of his employment. That he had not knowingly failed to account for any sum and was not indebted to his employer but, under threats of prosecution for embezzlement, he was coerced into execution of the paper admitting the shortage and also into the execution by himself and wife of the note and deed of trust for $7,488.

The defendants admitted the employment of Andrews to make a sales audit of the corporate defendant's business and that conferences were held with the plaintiff Carl B. Worley, as a result of which the note and deed of trust involved in this action were executed by the plaintiffs. All other material allegations were denied.

The plaintiffs introduced evidence tending to support their contentions as disclosed by their pleadings. At the close of the plaintiffs' evidence motions for nonsuit were duly made and overruled as to the corporate defendant and the trustee, but the motion was allowed as to the defendant Andrews. The defendants offered evidence tending to show that when confronted with the audit of his accounts the plaintiff Carl

B. Worley admitted he had failed to account for an estimated $12.00 per week for the past 12 years; that he agreed to make restitution and for that purpose both he and his wife executed the note and deed of trust without any coercion whatsoever.

The court submitted to the jury the following issue:

> "1. Were the deed of trust and note, described in the complaint, procured by the defendant Champion Motor Company by duress, as alleged in the complaint?"

The jury answered the issue in favor of the plaintiffs and from the judgment on the verdict, the Champion Motor Company appealed.

*John M. Queen, Frank D. Ferguson, Jr., and Ward & Bennett for plaintiffs, appellees.*

*Morgan, Ward & Brown for defendants, appellants.*

HIGGINS, J.   The defendant's assignments of error present two questions: (1) Was the plaintiffs' evidence of duress, taken in the light most favorable to them, sufficient to go to the jury?   (2) Did that portion of the court's charge specifically objected to constitute reversible error?

1. Whether evidence is sufficient to go to the jury is a question of law to be resolved by the court.   In passing on that question the evidence favorable to the defendant is disregarded.   All conflicts are resolved in favor of the plaintiffs.   Viewed in this light, the plaintiffs' evidence was sufficient to survive the motion for nonsuit.   The first question must be answered in the affirmative.

2. The court charged the jury:

> "Now it is necessary in this case that the court undertake to lay down to you certain principles of law which the court deems necessary for you to apply to the facts as you find them."
>
> *"That if any writing obtained by duress from one party to another, then such writing is void.   If any writing or contract is made to prevent or forestall a prosecution of a felony, it would be void and of no effect, as being against public policy."*

Only that part of the charge in italics is the subject of an exceptive assignment.   Nevertheless the preceding sentence serves to emphasize the harmful effect of that part of the charge to which the assignment is directed.   The complaint does not allege, the evidence does not disclose, and the issue does not embrace any agreement to forego prosecution—to compound a felony.   *Corbett v. Clute,* 137 N.C. 546, 50 S.E.

216; *Lindsay v. Smith,* 78 N.C. 328. In order to justify a charge on the effect of an agreement to compound a felony, three things were necessary: (1) Sufficient allegation. *Maddox v. Brown,* 232 N.C. 542, 61 S.E. 2d 613. (2) Evidence to support the allegation. *Childress v. Motor Lines,* 235 N.C. 522, 70 S.E. 2d 558. (3) A proper issue. *Irvin v. R. R.,* 164 N.C. 5, 80 S.E. 78. All were lacking. ". . . a plaintiff cannot recover except on the cause of action set up in his complaint." *Cook v. Hobbs,* 237 N.C. 490, 75 S.E. 2d 322. "The jury should see the issues, stripped of all redundant and confusing matters, and in as clear a light as practicable." *Fish Co. v. Snowden,* 233 N.C. 269, 63 S.E. 2d 557. "The court should never give the jury instructions based upon a state of facts not presented by some reasonable view of the evidence produced on the trial, . . ." *S. v. McCoy,* 236 N.C. 121, 71 S.E. 2d 921.

We conclude the trial court went beyond the complaint, the evidence, and the issue in its charge with respect to compounding a felony. For that reason the defendant is entitled to go before another jury.

New trial.