ANASTASIA ANDREWS v. T. Z. SPROTT.

(Filed 18 March, 1959.)

**1. Automobiles § 46: Trial § 31b—**

A charge predicating plaintiff's right to recover in part upon defendant's operation of his car at a reckless rate of speed must be held prejudicial to plaintiff when plaintiff relies exclusively on other grounds for recovery and there is neither allegation nor evidence that defendant operated his car at a reckless rate of speed, since it is error to charge on an abstract principle of law not supported by any view of the evidence.

**2. Automobiles § 46: Negligence § 20—**

It is error for the court to charge the jury conjunctively as to all the specific allegations of negligence upon which plaintiff relied in order to answer the issue of negligence in the affirmative, since such charge places the burden of proving all of the allegations of negligence as a proximate cause of the injury in order to obtain an affirmative answer

to the issue, whereas proof of any one of them is sufficient for this purpose. The use of "and" instead of "or" is prejudicial in such instance.

APPEAL by plaintiff from *Froneberger, J.,* October 20, 1958 Schedule A Civil Term, MECKLENBURG Superior Court.

Civil action to recover damages for personal injury resulting from actionable negligence. The plaintiff alleged she was a passenger in an automobile driven by C. W. Leekley in the left or inside lane for east-bound traffic on East Fourth Street, City of Charlotte; that Leekley stopped in obedience to a traffic control light at the Trade Street intersection; that the defendant approached the intersection also driving east on East Fourth Street, but in the right-hand or outside traffic lane; that while he was in the act of stopping for the traffic light he suddenly and carelessly turned to his left, crossed his marked traffic lane and collided with Leekley's automobile, injuring the plaintiff; that the defendant was negligent in that he (1) crossed into the adjacent traffic lane in violation of a city ordinance, (2) failed to keep a proper lookout, (3) failed to keep his vehicle under proper control, and (4) failed to give a proper signal of his intended movement.

The defendant, by answer, denied negligence in all the particulars alleged and denied the plaintiff sustained injury. As a bar to the action he pleaded the plaintiff's contributory negligence, to which she filed a reply alleging the defendant had the last clear chance to avoid the injury.

The plaintiff introduced evidence, including the city ordinance, tending to support her allegations. The defendant also introduced evidence and testified in his own behalf that his automobile "pulled" to his left while he was in the act of stopping for the light because of a mechanical defect in the brakes of which he had no prior notice, and that his bumper barely scraped the side and fender of Leekley's automobile and that the contact was not sufficient to have injured the plaintiff.

Issues of negligence, contributory negligence, and damages were submitted. The jury answered the issue of negligence in favor of the defendant. From a judgment dismissing the action, the plaintiff appealed.

*Bell, Bradley, Gebhardt & DeLaney, By: Ernest S. DeLaney, Jr., for plaintiff, appellant.*
*Craighill, Rendleman & Kennedy for defendant, appellee.*

HIGGINS, J. The plaintiff, by her assignment of error No. 4, chal-

lenges the following portion of the court's charge: "Now, ladies and gentlemen of the jury, if you find from the evidence and by its greater weight as I have defined that term to you, that the defendant operated his car at a reckless rate of speed, that he operated his car with defective brakes, that he failed to keep a proper lookout, and failed to keep his car under control, and if you find that such negligence was the proximate cause of the collision and the resulting injury, then it would be your duty to answer the first issue yes. Otherwise, it would be your duty to answer it no."

The plaintiff argues she is prejudiced by the charge in two respects:

First, the court committed error in charging with respect to the defendant's operation of his car at a reckless rate of speed. Her objection seems to be valid. The complaint does not allege and the evidence does not show speed. It is error to charge on an abstract principle of law not supported by any view of the evidence. *Worley v. Motor Co.,* 246 N.C. 677, 100 S.E. 2d 70; *State v. McCoy,* 236 N.C. 121, 71 S.E. 2d 921; *Williams v. Harris,* 137 N.C. 460, 49 S.E. 954.

Second, the court charged in the conjunctive as to all the specific allegations of negligence upon which the plaintiff relied. The effect was to require the jury to find the defendant guilty of all the acts of negligence detailed by the court in order to answer the first issue in favor of the plaintiff. The charge, in the manner given, placed upon the plaintiff the burden of showing speed, defective brakes, failure to keep a proper lookout, *and* failure to keep his car under control. The plaintiff was entitled to have the jury pass on the question whether the evidence showed the defendant, in any of the particulars alleged, had breached a legal duty which he owed to the plaintiff, and if so, whether such breach proximately caused her injury and damage. *Henderson v. Henderson,* 239 N.C. 487, 80 S.E. 2d 383; *Aldridge v. Hasty,* 240 N.C. 353, 82 S.E. 2d 331; *Ervin v. Mills Co.,* 233 N.C. 415, 64 S.E. 2d 431. For additional cases, see Strong's North Carolina Index, Vol. 1, p. 232, n. 49.

The defendant seeks to uphold the instruction by application of the rule permitting, under certain circumstances, the interchange of the disjunctive "or" and the conjunctive "and." True, in the interpretation of wills, deeds, contracts, statutes, etc., the courts have permitted a switch of the words, but only when necessary to give effect to some manifest purpose and to carry out a definite intent. Substitution of the one word for the other is permissible only "when sense requires it." The jury heard what the judge charged. It did not hear what he intended to charge. By requiring the plaintiff to make good

on *all* negligent acts upon which she relied, the court required her to carry too great a burden. For this error, she is entitled to a
    New Trial.