TEXTILE MOTOR FREIGHT, INC. v. MARY MAXINE CONVEY DuBOSE, A MINOR, BY HER GUARDIAN AD LITEM, W. H. CONVEY, AND J. H. DuBOSE.

(Filed 20 November 1963.)

**1. Automobiles § 46—**

Where there is no evidence that defendant driver failed to give the signal for a left turn as required by statute and no evidence that she was traveling at excessive speed at the time, it is error for the court to instruct the jury upon the issue of the driver's negligence in regard to turn signals and excessive speed.

**2. Trial § 33—**

It is error for the court to charge upon an abstract principle of law which is not presented by the allegations and evidence.

APPEAL by defendants from *Martin, Special Judge,* 18 February 1963 Special "A" Civil Session of MECKLENBURG.

This is a civil action to recover for damages to plaintiff's tractor-trailer resulting from a collision between said tractor-trailer and a 1958 Volvo automobile owned by defendant J. H. DuBose and driven by his daughter-in-law, Mary Maxine Convey DuBose, who was seventeen years of age at the time of the collision.

The defendants set up a cross-action for personal injuries to the minor defendant and for property damages sustained by defendant J. H. DuBose.

The collision occurred at the intersection of Independence Boulevard, Eastway Drive and Commonwealth Avenue in the City of Charlotte, about 7:35 a.m. on 15 June 1960. Independence Boulevard runs substantially east and west at this intersection; Commonwealth Avenue runs in a northwesterly and southeasterly direction; and Eastway Drive dead ends in the Boulevard at this intersection and runs north from the Boulevard. The traffic at this intersection is controlled by electric signal lights exhibiting the words "Go," "Caution," or "Stop." In approaching this intersection from the east on Independence Boulevard, it is slightly downhill.

The plaintiff's tractor-trailer and its cargo weighed 58,000 pounds and was being driven in a westerly direction in the middle of the three lanes for westbound traffic on Independence Boulevard. Plaintiff's driver testified: "As I was coming into the intersection, at about 150 yards, I noticed a traffic light change from red to green.

"I was going around 30 or 35 miles per hour, and as I got into the intersection I saw a small foreign car traveling east making a left-hand turn north over into Eastway Drive from the inside lane next to the island on Independence Boulevard. I was in the intersection when I first noticed her, noticed she wasn't stopping. As I entered the intersection I saw her making a turn in front of me. * * * I applied my brakes and pulled all the way over into the turning lane. * * * I cut over to the right as far as I could and collided with her in the intersection over near Eastside (sic) Drive. The small foreign car spun around, the back end of it hitting the telephone pole located between two drives."

The plaintiff's evidence further tends to show that the plaintiff's driver lost control of the tractor-trailer when he struck the small car driven by the minor defendant, ran past the intersection of Eastway Drive, hit a Studebaker car on Commonwealth Avenue and stopped between two trees about 20 feet from the northern edge of Independence Boulevard.

MOTOR FREIGHT *v.* DuBose.

The plaintiff alleges that the minor defendant gave no signal or other warning of an intention to make a left turn, but offered no evidence in support of this allegation.

The minor defendant, Mary Maxine Convey DuBose, testified that on the morning of 15 June 1960 she left home about 7:15 a.m.; that she was on her way to summer school at Garringer High School, which is located north of Independence Boulevard just off Eastway Drive. "I do not recall getting on Independence Boulevard, nor do I recall the accident or anything about it. My first memory after the accident is of the hospital." The minor defendant was painfully injured and left with permanent and serious scars on various parts of her body.

Lewis K. Patterson, a witness for defendants, testified: "At about 7:30 a.m. * * * I was on Commonwealth Avenue on my way to work. I was proceeding north and came to the intersection of Commonwealth Avenue and Independence Boulevard and stopped south of Independence Boulevard, in the northbound lane of Commonwealth Avenue at the point where Commonwealth reaches the south side of Independence Boulevard. I stopped for the red traffic light facing me * * *.

"* * * I first saw the Volvo automobile when it had pulled into the left lane, headed east and starting to make a turn, looked like it was in a position to make a turn. It wasn't out to where it was in the street, but in a position to make a left turn. * * *

"When I was pulling up to a stop at the light, the Volvo was already sitting there. When the traffic light changed, I proceeded to cross Independence Boulevard but got only about to the center of the first lane in the eastbound side. I saw the oncoming truck and stopped so as not to be involved. When the light changed, the Volvo was slightly out in the center there, the center lane. It proceeded to cross the street, to go up Eastway Drive, north, and actually it would have been right in line with Commonwealth Avenue, coming up; actually, what she was doing was clearing the street. The Volvo was clearing the intersection. * * *

"I saw the collision occur. * * *

"I would estimate the truck was running at least 40 miles an hour. When the truck hit the Volvo, it spun it completely around. The right tractor wheel, right side of the truck, caught the Volvo in the right side and spun it around, the truck rolling on and knocking the Volvo against the utility pole shown on the blackboard. * * *

"At the time the tractor-trailer truck entered the intersection the traffic light for westbound traffic on Independence Boulevard was red. The accident happened around 7:30 a.m.; the weather was fair; the street was dry. * * * In my opinion the tractor-trailer truck never

did slow down. That's the reason I proceeded to stop, because I knew he couldn't stop. * * *"

The jury rendered a verdict in favor of the plaintiff. Judgment was entered on the verdict and the defendants appeal, assigning error.

*Webb & Lee; Charles Sedberry; Sanders & Walker for plaintiff appellee.*

*Carpenter, Webb & Golding; Pierce, Wardlow, Knox & Caudle for defendant appellants.*

DENNY, C.J. The defendants assign as error certain portions of the following instructions to the jury: (1) "Now, members of the jury, there is another statute which states in part as follows: 'The driver of any vehicle upon a highway, before starting, stopping or turning from a direct line, shall first see that such movement can be made in safety, (I) and if, whenever the operator of any other vehicle may be affected by such movement, shall give a signal as required in this section, plainly visible to the driver of such other vehicle of his intention to make such a move, and the signal shall be by means of the hand and arm and manner herein specified or by any mechanical or electrical signal device approved by the Department of Motor Vehicles,' and the signal for left turn, members of the jury, is with the left hand, the hand and arm extended in a horizontal direction with the forefinger pointed and the electrical turn signal referred to is such electrical turn signal which when operated inside by a lever or switch, inside the motor vehicle, shall start a blinking light outside the motor vehicle, indicating the direction to which the operator intends turning his motor vehicle. (J); and (2) "* * * (I)f the plaintiff has satisfied you from the evidence and by its greater weight, that each and all of the following three essential elements existed with respect to plaintiff's damage; first, that the plaintiff's tractor was damaged in a collision at the intersection of Independence Boulevard and Commonwealth and Eastway Drive, and, second, that at and prior to the collision between the tractor-trailer of the plaintiff and the Volvo being operated by the defendants, that at and prior to the collision that the defendants were negligent in the operation of the Volvo in that they (S) operated it at a high and dangerous rate of speed under the circumstances then and there existing, (T) or operated it without keeping a proper lookout or operated it without keeping it under proper control, or attempted to make a left turn without seeing first that the turn could be made in safety (U) and without giving the proper and lawful signal for that left turn; (V) and, third, that such negligence on the part of the defend-

ants in the operation of said Volvo automobile was one of the proximate causes of the collision and of the damages to the plaintiff's tractor, then it would be your duty to answer the first issue YES."

The defendants except to and assign as error those portions of the charge between the letters (I) and (J), (S) and (T), and (U) and (V). The only evidence with respect to the speed of the Volvo car operated by the minor defendant was that of the plaintiff's driver who testified, "When I first saw the small foreign car in the northern lane of Independence Boulevard for eastbound traffic it was going about 10 or 15 miles an hour. After I first saw it, it headed on in towards Eastway Drive and speeded up as it went across the intersection."

No evidence was adduced in the trial below to support the plaintiff's allegation to the effect that the minor defendant failed to give a proper hand signal or other warning of an intention to make a left turn.

The headnote in the case of *Farrow v. White*, 212 N.C. 376, 193 S.E. 386, reads: "Where there is no allegation *or evidence* that the defendant driver failed to give a warning signal required of him by the statute under the circumstances, it is error for the court to charge the law requiring the giving of such signal, since the court is required to charge the law arising upon the evidence, C.S., 564" (now G.S. 1-180). (Emphasis added.)

In *Andrews v. Sprott*, 249 N.C. 729, 107 S.E. 2d 560, this Court said: "* * * (T)he court committed error in charging with respect to the defendant's operation of his car at a reckless rate of speed. * * * The complaint does not allege and the evidence does not show speed. It is error to charge on an abstract principle of law not supported by any view of the evidence. *Worley v. Motor Co.*, 246 N.C. 677, 100 S.E. 2d 70; *S. v. McCoy*, 236 N.C. 121, 71 S.E. 2d 921; *Williams v. Harris*, 137 N.C. 460, 49 S.E. 954." See also *Carswell v. Lackey*, 253 N.C. 387, 117 S.E. 2d 51.

The defendants have not argued in their brief their assignment of error to the failure of the court below to sustain their motion for judgment as of nonsuit interposed at the close of all the evidence. Consequently, this assignment of error will be taken as abandoned. Rule 28 of the Rules of Practice in the Supreme Court, 254 N.C. 783, at page 810.

We deem it unnecessary to consider and pass upon the other assignments of error, some of which seem not to be without merit.

In our opinion, the defendants are entitled to a new trial, and it is so ordered.

New trial.