GRETCHEN F. PELKEY v. JAMES A. BYNUM

No. 68SC131

(Filed 14 August 1968)

1. Automobiles § 57— collision at intersection controlled by signal — sufficiency of evidence

In an action arising out of an intersection collision, plaintiff's evidence tending to show that when she approached and entered the intersection she had the green traffic control signal facing her, and that defendant's automobile entered the intersection after plaintiff's automobile was already in it and collided with plaintiff's vehicle, *is held* sufficient to be submitted to the jury on the issue of defendant's negligence.

2. Negligence § 28; Trial § 18— duty of jury where evidence is contradictory

Discrepancies and contradictions in the evidence are matters for the jury and not the judge.

3. Automobiles § 90— operating vehicle at speed greater than reasonable — instructions not supported by allegations

In an action arising out of a collision at an intersection controlled by traffic signals, it is error for the court to instruct the jury on the ques-

tion of defendant's violation of the statute, relating to the operation of an automobile at a speed greater than is reasonable and prudent under the circumstances, where the complaint does not allege that defendant was operating her vehicle at a speed greater than was reasonable and prudent. G.S. 20-141(a).

**4. Automobiles § 90— decreasing speed at intersection — instructions not supported by evidence**

In an action arising out of a collision at an intersection controlled by traffic signals, it is error for the court to instruct the jury on the question of defendant's violation of the statute, relating to the failure to decrease speed when necessary in approaching and crossing an intersection, where there is no evidence as to whether defendant did or did not decrease her speed on entering the intersection. G.S. 20-141(c).

**5. Trial § 33— instructions not supported by allegation or evidence**

It is error for the court to charge upon an abstract principle of law which is not presented by the allegations and is not supported by any view of the evidence.

APPEAL by ·defendant from *Brewer, J.,* 22 January 1968 Civil Session of the Superior Court of CUMBERLAND County.

The record reveals that the defendant, James A. Bynum, is a woman. This action for personal injuries and property damage alleged by the plaintiff in her complaint, and by the defendant in her counterclaim, arises out of a collision on 2 November 1966 of the two automobiles owned by the parties.

At the close of all the evidence, the court submitted and the jury answered the following issues:

"1. Was the plaintiff damaged and injured by the negligence of the defendant as alleged in the complaint?

ANSWER: Yes.

2. Did the plaintiff by her negligence contribute to her own damage and injury as alleged in the answer?

ANSWER: No.

3. What amount, if any, is the plaintiff entitled to recover of the defendant for her personal injuries?

ANSWER: $2,500.00.

4. What amount, if any, is plaintiff entitled to recover of the defendant for damages to her automobile?

ANSWER: $500.00.

5. Was the defendant damaged by the negligence of the plaintiff as alleged in the counterclaim?

ANSWER: No.

6. What amount, if any, is the defendant entitled to recover of the plaintiff for personal injuries?

ANSWER: No.

7. What amount, if any, is the defendant entitled to recover of the plaintiff for damage to her automobile?

ANSWER: No."

From the entry of the judgment on 25 January 1968, that the plaintiff have and recover of the defendant the sum of $2,500 for personal injuries and $500 for damages to her automobile, the defendant excepted and appealed.

*MacRae, Cobb, MacRae & Henley by James C. MacRae for plaintiff appellee.*

*Rose & Thorp, and Quillin, Russ, Worth & McLeod by Joe McLeod for defendant appellant.*

MALLARD, C.J.

[1]     Defendant assigns as error the denial of her motion for judgment of nonsuit of plaintiff's cause of action renewed at the close of all the evidence.

The collision occurred on 2 November 1966 at about 3:30 p.m. at the intersection of Raeford Road (U. S. Highway #401) and Robeson Street in Fayetteville. Raeford Road extends generally in a northeast-southwest direction, and Robeson Street extends generally in a northwest-southeast direction. The traffic at this intersection was controlled by electric traffic control signals. It was raining and the pavement was wet.

Plaintiff offered evidence tending to show that she was operating her 1966 Ambassador automobile in a careful and prudent manner on the Raeford Road going in a northeastern direction at the time and place of the collision. That as she approached and entered the intersection, she had the green traffic control signal facing her. After plaintiff was approximately three-fourths of the way through the intersection, the defendant, having entered the intersection after plaintiff's vehicle was already in it, collided with plaintiff's vehicle. As a result of the collision, the plaintiff was injured and her automobile damaged.

Defendant offered evidence tending to show that on this occasion she was operating her 1964 Buick automobile and stopped at this intersection for the red signal. She waited until the light turned

green, and after looking both ways and seeing nothing, she entered the intersection. While defendant was already in the intersection, plaintiff's automobile entered and collided with her vehicle. As a result of the collision, defendant was injured and her automobile damaged.

[2]    The evidence was contradictory; however, it was sufficient to withstand the defendant's motion for judgment of nonsuit. The question was one for the jury. Discrepancies and contradictions in the evidence are matters for the jury and not the judge. *Greene v. Meredith*, 264 N.C. 178, 141 S.E. 2d 287; *Jones v. Schaffer*, 252 N.C. 368, 114 S.E. 2d 105.

The court instructed the jury as follows with respect to G.S. 20-141(a) and (c):

"No person shall operate a motor vehicle at any time at a speed greater than is reasonable and prudent under the circumstances then and there existing. The statute goes on to provide that even if the speed of the vehicle is lower than the posted or legal speed limit fixed by law, a driver approaching and entering an intersection has the duty to reduce speed as may be necessary to avoid colliding with other persons and vehicles, in compliance with the legal requirement to use due care.  . . .

I instruct you, members of the jury, that a violation of these provisions that I have just mentioned, that is, the provision requiring vehicles to be operated at a speed no greater than is reasonable and prudent under the circumstances then and there being, and to reduce the speed when approaching an intersection or where some special hazard exists, in a manner commensurate with this due care duty; the violation of either one of these statutes is negligence per se as a matter of law and you will keep that in mind as you measure the conduct of these two drivers on the occasion in question.  . . .

Now, members of the jury, we come back to the first issue, keeping in mind that the plaintiff on this issue has the burden of proof from the greater weight of the evidence of satisfying you that on the occasion in question, Miss Bynum in operating her car was guilty of negligence in that she operated it at a speed greater than that reasonable and prudent under the circumstances then and there existing, or  . . ."

[3]    Defendant contends that the court committed error in its charge by instructing the jury on the question of a violation of G.S. 20-141(a), relating to the operation of an automobile at a speed

that is greater than is reasonable and prudent under the conditions then existing. There was no allegation in the complaint or amended complaint that the defendant was operating her vehicle at a speed greater than reasonable and prudent. It is error for the judge to charge the jury as to matter not presented by allegation and supported by the evidence. *Worley v. Motor Co.*, 246 N.C. 677, 100 S.E. 2d 70; *Jackson v. McBride*, 270 N.C. 367, 154 S.E. 2d 468.

[4, 5]   Defendant contends that the court committed error in instructing the jury on the question of the defendant's violation of G.S. 20-141(c). This statute relates to the failure, when necessary, to decrease speed of a vehicle in approaching and crossing an intersection.

In this case the violation of the statute was alleged by the plaintiff, but there was no evidence as to whether the defendant did or did not decrease her speed on entering the intersection. There must be evidence, either circumstantial or direct, to support the allegation; if not, the court should not charge with respect to such allegation. It is error for the court to charge upon an abstract principle of law which is not presented by the allegations and is not supported by any view of the evidence. *Motor Freight v. DuBose*, 260 N.C. 497, 133 S.E. 2d 129; *Worley v. Motor Co., supra; Jackson v. McBride, supra.*

We deem it unnecessary to consider and pass upon the other assignments of error, some of which appear to be not without merit.

In our opinion, the defendant is entitled to a new trial, and it is so ordered.

New trial.

BROCK and PARKER, JJ., concur.