CATHERINE T. HERRING v. BETTIE RIDLEY McCLAIN AND JOHN S. HERRING, JR.

No. 6910SC443

(Filed 22 October 1969)

**1. Appeal and Error § 47— harmless error rule**

It is the settled rule of appellate courts that verdicts and judgments will not be set aside for harmless error.

**2. Automobiles § 90; Negligence § 37— automobile accident case — instruction on aspects of negligence**

Although trial court's instruction in automobile accident case was erroneous in requiring an affirmative answer to the issue of negligence if the jury should find the driver of an automobile guilty of the failure to keep a proper lookout *and* of the failure to keep his vehicle under proper control, this instruction on two aspects of negligence in the conjunctive was not prejudicial to appellant where there was insufficient evidence to support a verdict against the driver upon either aspect standing alone.

**3. Automobiles § 90— instructions in automobile accident case — excessive speed — conflict with physical facts**

Trial court did not err in failing to charge the jury with reference to excessive speed on the part of additional defendant in an automobile accident case, where appellant's testimony that the defendant was traveling 35 mph in a 20 mph zone was in conflict with the indisputable physical facts established by appellant's other evidence.

**4. Negligence § 29; Trial § 22— nonsuit — evidence in conflict with physical facts**

Evidence which is inherently impossible or in conflict with indisputable physical facts or laws of nature is not sufficient to take the case to the jury.

APPEAL by defendant Bettie Ridley McClain from *Carr, J.,* at the April 1969 Session of WAKE Superior Court.

This is a civil action to recover for personal injuries arising out

of an automobile collision with a cross-action for contribution. Mrs. Herring brought the action against Mrs. McClain who asserts the cross-claim against Mrs. Herring's husband, Dr. Herring.

On 1 December 1967 at approximately 6:04 p.m., Mrs. Herring was a passenger in an automobile being operated by her husband in a southerly direction on Woodburn Road in Cameron Village in the City of Raleigh; the defendant Mrs. McClain was operating an automobile in a westerly direction on Cameron Street. There was a collision between the Herring and McClain cars in the intersection of these two streets. Woodburn Road runs north and south, is thirty feet wide and has three traffic lanes, the westernmost lane being for southbound traffic. Mrs. McClain testified: "Dr. Herring was on the outside or west lane of Woodburn going south and I was in the right lane of Cameron going west and stayed in that right lane. I was not able to see up Woodburn because of cars parked in the parking lot. At the time I entered the intersection Dr. Herring was entering the intersection. I stayed in my lane of traffic and it occurred in my lane. * * * There were Christmas decorations on the poles near the traffic lights and also in the trees and all around the buildings and everywhere. They were red, green, and white lights." Dr. Herring testified: "My wife and I were talking about the traffic condition and the condition of the lights and the Christmas decorations and I distinctly remember slowing at that point to determine where the traffic light directing my travel was located." Mrs. McClain testified that "[t]he traffic light that was facing me was green and as I entered the intersection the light was still green." Dr. Herring testified: "I noticed the sign saying 'Stop here for red' immediately before I noticed the light. I was some two car lengths north of the sign. After I determined that the particular light directing my lane of traffic was green, I proceeded on toward the intersection * * *."

The testimony of both witnesses established that a parking lot on the northeast corner was filled with cars, making the intersection a blind one. Neither saw the other until the Herring car was in the intersection and the McClain car was almost in the intersection. The Herring car, a station wagon, was pushed laterally to the side approximately a car length or more from the point of impact. Mrs. Herring provided evidence of a flexion-extension injury of her neck, commonly referred to as a whiplash injury, and of suffering intermittent pain and impairment of movement. The passenger in each car testified to the effect that his driver had the green light. The investigating officer testified that Mrs. McClain "told me that because of the Christmas lights she didn't know whether she had a

red light or a green light." The testimony of the two drivers approaching the intersection on Woodburn in a northerly direction, that is, meeting the Herring car, tended to indicate that Dr. Herring had the green light.

The jury answered the issues as follows:

"1. Was plaintiff injured by the negligence of defendant Bettie Ridley McClain, as alleged in the complaint?

ANSWER: Yes

2. What amount of damages, if any, is plaintiff entitled to recover for injuries to her person?

ANSWER: $6,000.00

3. Was plaintiff injured by the negligence of the additional defendant, John S. Herring, Jr., as alleged in the cross-action of defendant Bettie Ridley McClain and did such negligence concur with the negligence of the defendant Bettie Ridley McClain in causing plaintiff's injuries?

ANSWER: No."

From judgment providing that plaintiff recover $6,000.00 of defendant McClain and that McClain recover nothing on her cross-action, defendant McClain appealed.

*Sanford, Cannon, Adams & McCullough by J. Allen Adams and E. D. Gaskins, Jr., for plaintiff appellee.*

*Maupin, Taylor & Ellis by William W. Taylor, Jr., for defendant appellee Herring.*

*Smith, Leach, Anderson & Dorsett by Willis Smith, Jr., for defendant appellant McClain.*

BRITT, J.

All of the assignments of error brought forward and argued in appellant's brief relate to the trial judge's charge to the jury. Appellant contends that the court erred in certain instructions which it gave and also erred in failing to give certain instructions.

[1] It is now the settled rule of appellate courts that verdicts and judgments will not be set aside for harmless error or for mere error and no more. To accomplish this result it must be made to appear not only that the ruling complained of was erroneous but that it was material and prejudicial, amounting to a denial of some sub-

stantial right. *In Re Ross,* 182 N.C. 477, 109 S.E. 365, and cases therein cited.

**[2]** Appellant assigns as error the following portion of the instructions regarding Dr. Herring's liability for contribution in the cross-action:

> "* * * [E]ven if you find that he had the green light, which the defendant McClain denies, but if you find that to be true, if she has satisfied you by the greater weight of the evidence that Dr. Herring did not under the circumstances keep a lookout that a reasonable prudent person would have kept and did not control his vehicle under those circumstances as a reasonable prudent person would have controlled it in order to avoid a collision with the McClain car in the intersection and that that negligence on his part was a proximate cause * * * it will be your duty to answer the third issue 'yes,' but if the defendant McClain has failed to satisfy you * * * then you would answer that issue 'no.' "

Appellant contends this instruction fits into the line of cases holding prejudicial error where the court charged in the conjunctive as to all the specific allegations of negligence upon which the plaintiff relied, the effect being to require the jury to find the defendant guilty of all the acts of negligence detailed by the court in order to answer in favor of the plaintiff. *Andrews v. Sprott,* 249 N.C. 729, 107 S.E. 2d 560.

In *Andrews v. Sprott, supra,* the Supreme Court criticized a conjunctive charge which required "the jury to find the defendant guilty of all the acts of negligence detailed by the court" in order to answer the issue for the plaintiff. The charge placed upon the plaintiff the burden of showing speed, defective brakes, failure to keep a proper lookout, and failure to keep his car under control.

In *Widenhouse v. Yow,* 258 N.C. 599, 129 S.E. 2d 306, the court held that the instruction on contributory negligence was erroneous and prejudicial to defendant Helms in that its effect was to require the jury to find plaintiffs guilty of all the acts of negligence detailed by the court in order to answer the issue on contributory negligence in favor of defendant Helms.

In *Farmer v. Reynolds,* 4 N.C. App. 554, 167 S.E. 2d 480, this Court adhered to the principle followed in the cases above cited. However, we do not think the quoted portion of the charge constituted prejudicial error in this case for the reason that it was not material.

In the case at bar, appellant alleged that Dr. Herring was negligent in that he (1) ran a stop light, (2) failed to keep a proper lookout, (3) failed to keep his automobile under proper control, (4) drove at excessive speed, (5) operated with improper brakes, and (6) failed to yield the right-of-way.

Appellant contends that the quoted portion of the charge on the cross-claim was prejudicial error because the jury was thereby prevented from holding the additional defendant liable under either one of two acts of negligence alleged, that is, either "that Dr. Herring did not under the circumstances keep a lookout that a reasonable prudent person would have kept" *or* that he "did not control his vehicle under those circumstances as a reasonable prudent man would have controlled it in order to avoid a collision with the McClain car in the intersection." Had the jury found that Dr. Herring had run a red light as alleged by appellant, it would have answered "yes," as his act would have been negligence *per se* and the jury was so instructed.

Thus, appellant's contention that to instruct upon these two aspects of the case in the conjunctive was prejudicial error assumes that the evidence would support a verdict against Dr. Herring upon either of these grounds standing alone. In fact, neither would support a verdict against Dr. Herring because the evidence on each of these aspects is insufficient for submission to the jury. All the evidence is to the effect that Dr. Herring saw the McClain car at the earliest point in time and space that it was possible for any motorist proceeding southwardly on Woodburn to have seen it. Dr. Herring testified: "After I determined that the particular light directing my lane of traffic was green, I proceeded on toward the intersection and intended to look to the left and the right but it was not possible for me to see across the Colonial Store's parking lot because it was filled with cars. So at the point by the sign I was unable to see any oncoming traffic traveling west on Cameron. I looked to the left immediately after I had seen the sign that said stop here on red and after I had determined that the light was green. The only time I was able to look to my left to see traffic coming was after I had begun to enter the intersection. That was the first time I could see traffic to my left." The collision then occurred in a matter of seconds. Mrs. McClain testified: "We were both in the intersection when I saw him."

As to the alleged failure to "control his vehicle under those circumstances as a reasonable prudent man would have controlled it in order to avoid a collision with the McClain car," there was no evidence to support this allegation.

We hold that under the evidence appellant was not entitled to any instructions on her allegation that Dr. Herring failed to keep a proper lookout or that he failed to keep his automobile under proper control; therefore, appellant was not prejudiced by the instructions complained of.

[3] Appellant assigns as error the failure to charge with reference to excessive speed on the part of defendant Herring. The only evidence as to excessive speed of the Herring car was the opinion expressed by appellant McClain that it was traveling 35 in a 20 mph zone. Appellant's additional testimony and the physical facts tell a different story: (1) The Herring car was in the intersection when Mrs. McClain first saw it; (2) according to Mrs. McClain's testimony, she was entering the intersection when she first saw the Herring car; (3) while the Herring car traveled something less than eighteen feet, the McClain car traveled a minimum of twenty-two feet into the intersection. Appellant testified that she was driving approximately 20 mph.

[3, 4] In *Douglas v. Booth* (No. 6918SC445), filed 17 September 1969, this Court said: " 'As a general rule, evidence which is inherently impossible or in conflict with indisputable physical facts or laws of nature is not sufficient to take the case to the jury, and in case of such inherently impossible evidence, the trial court has the duty of taking the case from the jury.' *Jones v. Schaffer,* 252 N.C. 368, 114 S.E. 2d 105; *Hardy v. Tesh,* 5 N.C. App. 107, 167 S.E. 2d 848." We hold that appellant failed to offer evidence, consistent with the undisputed physical facts, of excessive speed on the part of Dr. Herring, therefore, the trial court did not commit error in failing to charge with respect to excessive speed.

We have carefully considered the other assignments of error discussed in appellant's brief, all of which pertain to the charge to the jury, but finding them without merit they are overruled. Considered contextually, as a whole, the charge is free from prejudicial error.

No error.

BROCK and VAUGHN, JJ., concur.