DAVIS, ADMINISTRATOR OF L. G. DAVIS, v. NORTH CAROLINA SHIP-
BUILDING COMPANY.

(Filed 29 September, 1920.)

1. **Employer and Employee—Master and Servant—Negligence—Vice Principal—Direct Orders—Defective Appliances.**

   Evidence that defendant's employee, acting under the immediate order of his superior, and defendant's vice principal, went beneath a heavy piece of timber to unfasten it so as to be drawn by defendant's derrick crane to position, with evidence that by reason of its defective condition the crane should not have been used on the occasion in question, is sufficient to take the case to the jury upon the question of the defendant's actionable negligence.

2. **Employer and Employee—Master and Servant—Question of Employment—Policy of Indemnity—Contracts—Evidence.**

   Where the defendant has denied that the plaintiff's intestate was employed by him, and the action is to recover damages under the alleged negligence of the defendant as the employer of the intestate, it is compe-

tent to show that the defendant had taken out a policy indemnifying it against loss for personal injuries received by its employees, including the intestate. *Clark v. Bonsal* cited and distinguished.

**3. Contracts, Written—Evidence—Parol—Collateral Matters.**

The rule excluding parol evidence as to the contents of a written contract does not apply when the contract is merely collateral to the issue, and its contents is not directly involved therein, and is not the subject-matter in dispute.

CIVIL ACTION, tried before *Connor, J.,* and a jury, at March Term, 1920, of CARTERET.

The action is to recover damages for death of plaintiff's intestate, caused by alleged negligence of defendant while he was claimed to be in defendant's employment. There was denial of employment of intestate, defendant claiming that the plant and enterprise, at the time, were under control of United States Government. There was also denial of any negligence on part of defendant, and also pleas of contributory negligence and assumption of risk.

On issues submitted the jury rendered the following verdict:

"1. Was the plaintiff's intestate killed by the negligence of the defendant, as alleged?  Answer: 'Yes.'

"2. Was Leslie G. Davis, deceased, at the time of his death employed by the North Carolina Shipbuilding Company, defendant?  Answer: 'Yes.'

"3. Did the plaintiff's intestate, by his own negligence, contribute to his own injury?  Answer: 'No.'

"4. Was the death of plaintiff's intestate caused by injury due to risk of his employment voluntarily assumed by said intestate?  Answer: 'No.'

"5. What damage is plaintiff entitled to recover of defendant?  Answer: '$5,000.' "

Judgment on verdict, and defendant excepted and appealed, assigning errors.

*Ward & Ward and M. Leslie Davis for plaintiff.*
*J. F. Duncan for defendant.*

HOKE, J.  There were facts in evidence tending to show that on 1 March, 1918, the intestate of plaintiff, with other employees of the shipbuilding company, were engaged in removing some heavy timber from a car and piling them on the ground near, by means of a derrick or crane; that these workmen, at the time, were under the immediate supervision and direction of a foreman or boss, who stood towards them in the relation of vice principal, and that the derrick crane was defective,

and had been for several days; that in attempting to remove a very heavy piece of timber from the car, one end of it lodged or became fastened in some way, and the boss ordered the intestate to go in under the timber and push it free; that intestate, a young man, 24 years of age, who had been on the work about a week, proceeded to obey the order, pushed the timber free; the derrick failed to work, and the timber slid down on the intestate and crushed him to death. There was ample evidence of negligence, the proximate cause of the killing, imputable to defendant, both in the condition of the derrick and in the negligent order of the vice principal, and his Honor was clearly right in refusing defendant's prayer for instructions to the effect that if the jury believed the. evidence they would find the issue as to the principal negligence for defendant. *Thompson v. Oil Co.,* 177 N. C., 279; *Howard v. Oil Co.,* 174 N. C., 651; *Ridge v. R. R.,* 167 N. C., 510.

As apposite to the facts presented, it was said in *Thompson's case, supra:* "And in this connection there are numerous decisions to the effect that the general directions or present and special orders of a boss or higher employee, one who represents the employer and stands towards the workmen in the position of vice principal, may be considered as a relevant fact when it is one from which, in itself or in connection with the attendant circumstances, the fact of negligence may be reasonably inferred. *Atkins v. Madry,* 174 N. C., 187; *Howard v. Oil Co.,* 174 N. C., 651; *Howard v. Wright,* 173 N. C., 339; *Wade v. Contracting Co.,* 149 N. C., 177; *Holton v. Lumber Co.,* 152 N. C., 68; *Noble v. Lumber Co.,* 151 N. C., 76; *Allison v. R. R.,* 129 N. C., 336; *Patton v. R. R.,* 96 N. C., 455.

"Not only is an employer supposed, as a rule, to control the conditions under which the work is done, and to have a more extended and accurate knowledge of such work and the tools and appliances fitted for same, but the order itself given by the employer or his vice principal directing the work and the natural impulse of present obedience on the part of the employee are additional and relevant facts to be considered in passing upon the latter's conduct in reference to the issue."

It was chiefly urged for error that the court admitted, over defendant's objection, evidence tending to show that the shipbuilding company had taken out and held indemnity insurance in reference to employees engaged in this work, citing *Clark v. Bonsal,* 157 N. C., 270, in support of the objection.

It is true that in *Clark v. Bonsal* the Court decided that an injured employee could not maintain an action for negligent injury against the insurance company on an indemnity policy as ordinarily drawn, taken out, and held by the employer for his own protection. Applying the principle, it has been held in several such cases that the existence and

contents of such a policy is not, ordinarily relevant on the question of damages, or on the issue as to negligence, but, in the present case, the defendant was endeavoring to maintain the position that it was not then operating the plant, and the intestate, at the time of the occurrence, was not in their employment. And the fact that the company had taken out and then held indemnity insurance for injuries to their employees was clearly relevant in that issue. The court was careful to restrict the evidence to the purpose indicated, and the exception must be overruled. In this connection it was earnestly insisted that there was error in permitting witnesses to speak of the policies in question when it appeared that they were in writing and not produced. The question chiefly pertinent here was not so much the contents of the policies as the independent fact that such policies were held, but, in any event, the policies not being the subject-matter in dispute between the parties nor their contents directly involved in the issue, they do not come within the rule which excludes parol evidence as to the contents of a written paper or document. *Miles v. Walker,* 179 N. C., 479-484; *Morrison v. Hartley,* 178 N. C., 618.

Speaking to the position in *Miles' case, supra,* the Court said: "Again it is objected that the court, over defendant's objection, allowed plaintiff to say that he had sublet the property at $50 per month, the objection being put on the ground that this sublease was in writing, but as held in numerous cases on the subject, the rule excluding parol evidence of the contents of a written paper or document applies only in actions between the parties to the writing, and when the enforcement of obligations created by it is substantially the cause of action, it does not prevail as to collateral matters though they may be relevant to the inquiry."

On careful consideration, we find no error to defendant's prejudice, and the judgment for plaintiffs is affirmed.

No error.