VIRGINIA FARROW, by Her Next Friend, RANDOLPH FARROW, v. RICHARD WHITE and L. S. POWELL.

(Filed 3 November, 1937.)

**Automobiles § 18h: Trial § 29b—**

Where there is no allegation or evidence that defendant driver failed to give a warning signal required of him by the statute under the circumstances, it is error for the court to charge the law requiring the giving of such signal, since the court is required to charge the law arising upon the evidence, C. S., 564.

APPEAL by defendants from *Sinclair, J.,* at May Term, 1937, of LENOIR. New trial.

*William A. Evans and Charles F. Rouse for plaintiff, appellee.*
*J. A. Jones for defendants, appellants.*

SCHENCK, J. This is an action to recover damages for personal injuries to the plaintiff alleged to have been proximately caused by the negligence of the defendants in striking the plaintiff with an automobile operated on a public highway while the plaintiff was a pedestrian thereon.

The complaint alleges that "the defendants were negligent in the operation of said car which caused the injuries to the plaintiff in the following respects: (a) That while traveling along State Highway No. 11 on a straight strip of said road and at a time when there was no other vehicular traffic thereupon, deliberately, or without any regard to the rights and safety of the general public, and particularly the plaintiff, Virginia Farrow, who was walking on said road at said time, operated their said automobile on the left-hand side thereof as they were proceeding and on the wrong side of said road as regards the defendants, and on the left-hand side of the center of said road as the plaintiff was walking, which was the proper and legal side for her to walk upon, and struck and injured the plaintiff as hereinbefore set forth."

WILLIAMSON v. INSURANCE CO.

The appellant assigns as error the following excerpt from the charge: "Here is the law in this State applied to driving upon the highway approaching pedestrians going in front of a car. The law requires every person operating an automobile upon the public highway to use that degree of care that a reasonably careful person would use under like or similar circumstances to prevent injury or death to persons on or traveling over, upon or across such highway, and any person so operating an automobile when approaching a pedestrian who is upon the traveled part of the highway and not upon the sidewalk shall slow down and give timely signal with his bell, horn or other device for signaling, and the failure of such person so operating such motor vehicle so to do is negligence."

This assignment of error must be sustained since there is no allegation in the complaint and no evidence in the record that the defendants failed to give a timely signal with bell, horn or other device for signaling. There is no mention in the complaint or in the evidence of any signal, or any failure to give a signal. The judge "shall state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon." C. S., 564.

For the error assigned the defendants are entitled to a new trial, and it is so ordered.

New trial.