GEORGE H. ISLEY v. MONROE WINFREY AND STANDARD OIL COMPANY OF NEW JERSEY, INCORPORATED.

(Filed 25 February, 1942.)

**Bill of Discovery § 7—Indemnity policy and contract between parties held competent upon question of whether individual defendant was employee.**

> Plaintiff sued the corporate defendant upon allegations that its employee inflicted negligent injury in the course of his employment. The corporate defendant alleged that the individual defendant was an independent contractor and not an employee. Plaintiff alleged that the corporation had taken out a policy of insurance protecting it against liability for negligence of the individual defendant, and moved for inspection of the policy and the contract between defendants relating to the employment. *Held:* The granting of the motion was without error, since the writings may become relevant in the trial upon the question of the relationship between the parties.

APPEAL by defendant Standard Oil Company of New Jersey from *Blackstock, Special Judge,* at September Term, 1941, of ROCKINGHAM. Affirmed.

*Hunter K. Penn and D. F. Mayberry for plaintiff, appellee.*
*J. C. Brown for defendant, appellant.*

DEVIN, J. This case is here upon appeal from an order of the judge below requiring the production for inspection and copy, and for use at the trial, of certain papers in the possession of the defendant Standard Oil Co. The ruling complained of was predicated upon the pleadings in an action instituted by the plaintiff to recover damages for a personal injury due to the negligent operation of a motor truck driven by defendant Winfrey. It was alleged that defendant Winfrey was an employee of defendant Oil Company, and that he was acting at the time of the injury within the scope of his employment. Defendants denied negligence, and alleged that Winfrey was an independent contractor, and that the defendant Oil Company was in no way responsible for any act or omission on his part.

In view of these pleadings the plaintiff entered motion, under C. S., 1823 and 1824, supported by affidavit, alleging that the defendant Oil Company had in its possession a policy of liability insurance issued to it by the Fidelity and Casualty Company of New York protecting it from liability for negligence of Winfrey, and that defendant Oil Company also had in its possession the contract between the defendants relating to the employment of Winfrey, and plaintiff asked that these papers be produced for inspection and copy, and for use at the trial.

The propriety of the allowance of the motion for the production of the papers specified is supported by what was said in *Rivenbark v. Oil Corp.*, 217 N. C., 592, 8 S. E. (2), 919, where numerous pertinent authorities are cited. In that case, upon similar showing, the order of the trial judge, requiring production of liability insurance policy and related correspondence, was, on appeal, affirmed.

From the pleadings here it seems that the contract between the defendants and the policy of liability insurance called for may become relevant in the trial upon the question of the relationship between the defendants. *Davis v. Shipbuilding Co.*, 180 N. C., 74, 104 S. E., 82. Defendant's exception to the order, on the ground that the affidavit upon which the motion was based was insufficient, cannot be sustained.

Judgment affirmed.