STATE OF NORTH CAROLINA AND CURRITUCK COUNTY BOARD OF COMMISSIONERS UPON RELATION OF MARY MAGDELINE WILLIAMS, A MINOR, BY HER NEXT FRIEND, MARY E. WILLIAMS v. LINDSEY L. DOWDY, DEPUTY SHERIFF; L. L. DOZIER, SR., SHERIFF; NATIONAL SURETY CORPORATION, A BODY CORPORATE; AND AMERICAN MOTOR-ISTS INSURANCE COMPANY, A BODY CORPORATE.

(Filed 17 September, 1958.)

**1. Assault and Battery §§ 2, 3—**

In this action for assault through malice or gross negligence, defendant did not allege that he shot plaintiff through accident or misadventure, but alleged that plaintiff was injured at some other time and in some other manner than as set forth in the complaint, and that defendant had no connection with the injury whether it was brought about by accident or other means. *Held:* Defendant's allegations negatived the theory of injury by accident or misadventure as a defense in behalf of the defendant, and therefore an instruction presenting the defense of accident or misadventure is erroneous.

**2. Same—**

In this action instituted by a worker against defendant landlord to recover for assault through malice or gross negligence, defendant alleged that plaintiff was injured at some other time and in some other man-

ner than as set forth in the complaint, and further alleged that at the time in question, as some other workers approached him in a menacing manner, he fired one shot into the ground. Defendant's evidence was to the effect that the shot was recovered from the ground and identified as having been fired from his gun. *Held:* In the light of defendant's allegations, the plea of self-defense was not raised, and an instruction presenting this defense to the jury must be held prejudicial.

**3. Trial § 31b—**

It is error for the trial court to charge the jury as to material matters not raised by the pleadings or supported by the evidence and contained in the issues.

**4. Appeal and Error § 21—**

The failure of appellant to preserve exception to the refusal of the trial court to set aside the verdict and grant a new trial, or failure to except to the signing of the judgment, does not warrant dismissal of the appeal, since the appeal itself constitutes an exception to the judgment.

APPEAL by plaintiff from *Morris, J.,* January Civil Term, 1958 of CURRITUCK.

This is a civil action instituted to recover for personal injuries allegedly inflicted upon Mary M. Williams, a minor, by her duly appointed next friend, Mary E. Williams, against the defendants L. L. Dozier, Sr., Sheriff of Currituck County, Lindsey L. Dowdy, Deputy Sheriff in said County, and their respective bondsmen.

The plaintiff Mary M. Williams alleges that on 18 June 1957 she and sundry other laborers and workers were assembled in a potato field in Harbinger, near Granby, in Currituck County, North Carolina, and while in said field the defendant Lindsey L. Dowdy wilfully and maliciously, or through reckless and gross negligence and indifference, assaulted plaintiff with a deadly weapon, to wit, a pistol, and did then and there shoot plaintiff with said pistol, resulting in and inflicting upon plaintiff serious and permanent injuries.

It appears from the evidence and the answer of the defendant Dowdy that these workers were employed by him to pick up potatoes; that on the occasion involved, while plaintiff and the other workers were waiting to be paid, he discovered that they had stolen and were attempting to carry away on the truck used in transporting the workers, some seven fertilizer bags of potatoes; that notwithstanding his presence and removal of the potatoes from the truck, some of the workers made further attempts to remove some of said potatoes from the field. Dowdy's criticism of the conduct of the group, as alleged in his answer, "resulted in some of the group advancing toward the defendant Dowdy in a threatening manner, indicating an intention and intent to do him violence, whereupon the defendant Dowdy ordered the approaching persons to discontinue their advance, threats and in-

dication of violence, which they refused to do, whereupon, the defendant Dowdy drew the pistol which he was carrying and regularly carried as Deputy Sheriff and shot it one time into the ground near the defendant's feet for the purpose of preventing an assault upon himself. That thereupon those in the advancing group discontinued their attempt to do violence to the defendant and dispersed." As a further answer and defense the defendant Dowdy alleges that he remained in the field for some time; that there was no outcry by anyone, and nothing said about anyone being injured; he therefore alleges that plaintiff was injured at some other time and place than that alleged in the complaint. That said injury came about through the negligence or unlawful conduct of the plaintiff, or was brought about by forces with which these defendants are in no way connected and over which they had no control, and for which they are in no way responsible, or by accidental or other means with which these defendants were not connected.

The plaintiff's evidence tends to show that the defendant Dowdy fired his pistol into the truck and that Mary M. Williams was struck; that the bullet went through her left hand and her left thigh.

At the conclusion of the evidence for the plaintiff, counsel for the defendant Dozier and his surety moved for judgment as of nonsuit. The motion was allowed and the plaintiff entered no exception thereto. Counsel for the defendant National Surety Corporation, surety on defendant Dowdy's official bond as Deputy Sheriff, moved for judgment as of nonsuit and the motion was denied.

The defendants' evidence tends to show that the defendant Dowdy fired his pistol into the ground in the manner and for the purpose alleged in his pleadings.

At the conclusion of all the evidence, the defendant National Surety Corporation renewed its motion for judgment as of nonsuit. The motion was allowed. No exception.

Issues were submitted to and answered by the jury as follows:

"Was the plaintiff Mary M. Williams wilfully and maliciously assaulted and injured by the defendant Lindsey L. Dowdy, as alleged in the complaint? Answer: No.

"Was the plaintiff Mary M. Williams injured by the negligence of the defendant Lindsey L. Dowdy, as alleged in the complaint? Answer: No.

"What amount of damages, if any, is the plaintiff Mary M. Williams entitled to recover of the defendant Lindsey L. Dowdy? Answer: ............."

From the judgment entered, the plaintiff appeals, assigning error.

*Romallus O. Murphy, Taylor & Mitchell for plaintiff, appellant.*
*LeRoy & Goodwin for defendant, Dowdy.*

DENNY, J. It is apparent from the facts revealed on this record that the defendant Dowdy at the time of the alleged shooting was acting in the capacity of a landlord and not in the capacity of a deputy sheriff.

The plaintiff's assignments of error Nos. 11, 12, 13 and 14 are based on exceptions to the court's charge to the jury.

The foregoing assignments of error are directed to and embrace those portions of the charge pertaining to accident or injury by misadventure and self-defense. The plaintiff contends that such charge was not warranted by the pleadings, the issues, or supported by the evidence.

The defendant Dowdy's answer expressly alleges that the plaintiff was injured at some other time and in some other manner than that alleged in the complaint and that the defendants had no connection with it, or that the injury was brought about "by accident or other means with' which these defendants were not connected." This would negative the theory of injury by accident or misadventure as a defense in behalf of the defendant Dowdy.

The plaintiff likewise excepted to the charge on self defense. The defendant Dowdy alleges in his answer that he fired one shot into the ground near his feet for the purpose of preventing an assault upon himself by certain members of the group of workers. It is not contended that the minor plaintiff was among the members of the group advancing on him. Moreover, the defendant Dowdy testified that the bullet which he fired into the ground was later taken from the ground and turned over to the State Bureau of Investigation, together with his pistol, and an agent of the State Bureau of Investigation testified that the bullet turned over to the Bureau by the defendant Dowdy had been fired from Dowdy's gun. Therefore, in our opinion, the pleading of the defendant Dowdy with respect to the circumstances under which he fired his gun, in light of the other allegations in his answer, may not be construed as one of confession and avoidance upon which the plea of self-defense with respect to the minor plaintiff's injuries may be based. Neither do we think the evidence of the defendant Dowdy would support such a plea if it had been alleged.

It is error for the trial court to charge the jury as to material matters not raised by the pleadings or supported by the evidence and contained in the issues. *Worley v. Motor Co.*, 246 N.C. 677, 100 S.E. 2d 70; *Bank v. Phillips*, 236 N.C. 470, 73 S.E. 2d 323; *Childress v. Motor Lines*, 235 N.C. 522, 70 S.E. 2d 558; *Farrow v. White*, 212 N.C. 376, 193 S.E. 386.

In the instant case, the court instructed the jury to the effect that if it were satisfied from the evidence and by its greater weight that on the 18th day of June 1957 the defendant maliciously and wilfully, as those terms had been explained to be, and without justification fired his pistol in the direction of the plaintiff and others, and the plaintiff suffered injury as alleged, then it would answer the first issue yes, "unless you find from the evidence that the injuries which plaintiff sustained, if any you find she did sustain, was the result of an accident or misadventure, as those terms have been explained and defined to you to mean, or unless you find that the defendant would have been justified in firing the shot under the principle of self-defense, as that term has been defined to you * * *; likewise, if the plaintiff has failed to satisfy you from the evidence and by its greater weight that the defendant wilfully and maliciously assaulted her and injured her, then it would be your duty to answer the first issue NO."

In light of the pleadings, issues, and evidence involved on this record, we think the court committed error in its charge to the jury with respect to accident or misadventure and self defense. Hence, the plaintiff is entitled to a new trial and it is so ordered.

The motion of the defendant Dowdy to dismiss this appeal for that the plaintiff failed to preserve her exception to the refusal of the court below to set aside the verdict and grant a new trial, and upon the further ground that the plaintiff did not except to the signing of the judgment, is overruled.

This Court has repeatedly held that an appeal itself constitutes an exception to the judgment. *Bishop v. Bishop,* 245 N.C. 573, 96 S.E. 2d 721, and cited cases.

New Trial.