## HOLLIS CARSWELL v. VESTER I. LACKEY.

### (Filed 23 November, 1960.)

**1. Automobiles § 15—**

Failure of a motorist to stay on his right side of the highway and yield one-half the highway to an approaching vehicle is negligence *per se*. G.S. 20-148.

**2. Automobiles § 6—**

A violation of G.S. 20-140 is negligence *per se*.

**3. Automobiles § 42a—**

Nonsuit on the ground that plaintiff's own evidence disclosed that defendant's vehicle, although partly to the left of the center of the highway, was stationary, and that plaintiff's vehicle, approaching from the opposite direction, collided with it after leaving skid marks for some 261 feet, does not justify nonsuit when other portions of plaintiff's evidence are in conflict therewith and do not show that defendant even came to a complete stop prior to the collision.

**4. Negligence § 26—**

Nonsuit for contributory negligence may not be allowed if it is necessary to rely in whole or in part on defendant's evidence to sustain the plea.

**5. Automobiles § 42a—**

The failure of plaintiff to avoid colliding with defendant's vehicle, which was only partly over the center of the highway in plaintiff's lane of traffic, by driving onto the shoulders of the road, which were some 13 or 14 feet wide at the scene, cannot justify nonsuit on the ground of contributory negligence when plaintiff's evidence further tends to show that the shoulders of the road were dangerous because the highway had been resurfaced and the shoulders had not been built up to it, and that there was a ditch and creek running parallel with the road, since plaintiff's evidence does not disclose contributory negligence in this regard so clearly that no other conclusion can be reasonably drawn therefrom.

**6. Trial § 22c—**

Contradictions and discrepancies, even in plaintiff's evidence, are for the jury to resolve and do not justify nonsuit.

**7. Trial § 31b—**

It is error for the court to charge on an abstract principle of law not supported by any evidence in the case, or to charge upon an aspect of the law which is not supported by allegation.

**8. Pleadings § 28—**

Plaintiff must succeed, if at all, upon the case set up in his complaint.

**9. Automobiles § 46—**

Where plaintiff offers no evidence as to the speed of defendant's

vehicle and does not allege that defendant failed to keep a proper lookout, it is error for the court to charge the jury on either of these aspects of the law.

APPEAL by defendant from *Nettles, Emergency Judge,* Regular March 1960 Term, of BURKE.

Civil action to recover damages for personal injuries and damage to an automobile sustained in a head-on collision between an automobile driven by plaintiff and an automobile driven by defendant.

Defendant in his answer denies that he was negligent, pleads contributory negligence of plaintiff, and pleads a counterclaim against plaintiff in which he alleges that he was injured and his automobile damaged by the negligence of plaintiff.

Plaintiff filed a reply in which he denies the allegations set forth in defendant's counterclaim, and pleads contributory negligence of defendant.

The jury found by its verdict that plaintiff was injured and his automobile damaged by the negligence of defendant as alleged in his complaint, that he was free from contributory negligence, as alleged in defendant's answer, and awarded damages to plaintiff for personal injuries and for damages to his automobile. The issues submitted to the jury under defendant's counterclaim and under his evidence were not answered by the jury. No issue as to the alleged contributory negligence of defendant was submitted.

From a judgment in accord with the verdict, defendant appeals.

*Byrd & Byrd for plaintiff, appellee.*

*Williams, Williams & Morris for defendant, appellant.*

PARKER, J. Plaintiff and defendant offered evidence. Defendant assigns as error the denial of his motion for judgment of involuntary nonsuit made at the close of all the evidence.

Plaintiff's evidence tends to show the following facts:

About 3:30 p.m. on 1 November 1958 plaintiff was driving a new 1959 Ford automobile in a southern direction on his right side of N. C. Highway No. 18 about seven or eight or nine miles south of Morganton at a speed of 45 or 50 miles an hour. At the same time defendant was driving a 1951 Ford automobile in a northern direction on the same highway. The highway is asphalt paved and 22 feet wide, and, according to the testimony of a State Highway Patrolman, a witness for plaintiff, at the time it had a white line indicating the center of the highway. According to plaintiff's testimony,

the highway had no center line at the time. The highway was being resurfaced, and had warning signs that it was being repaired and the shoulders were dangerous. The asphalt had been poured, and the shoulders had not been built up to it. There was a drizzle or rain, and the road was wet.

A head-on collision of the two automobiles occurred on a little curve, a long, leaning curve. A side road, a private drive, leads off from the west side of the highway at the scene of the collision. Looking north from the scene of the collision the highway is real straight, and there is an unobstructed view of about a quarter of a mile. Looking south from the scene of the collision one can see 150 to 200 yards. At the time of the collision no other motor vehicles were in sight on the highway. At and near the scene of the collision the shoulder was 13 or 14 feet wide, and beyond the shoulder there is a ditch, and a creek running parallel with the road.

Plaintiff testified on direct examination: "I was operating my car south on the right hand side. At the time of this wreck my car was still in the south or right hand lane going south. I saw the 1951 Ford being driven by Mr. Lackey. . . . Well, he was meeting us, and I saw him a good ways from where we was at and as he drew closer to me, why, he come over towards the center of the road and as he . . . I had touched my brakes and he never did act like he was going to get back on his side of the road. . . . I laid off the brakes and when I hit them again he was coming on our side of the road. He completely had the road blocked there. I guess I was hurt; I was knocked out." On cross-examination plaintiff said he didn't know how far he was from defendant's automobile when he first saw it. On cross-examination he said: "I didn't say whether Mr. Lackey brought his car to a stop before the collision occurred. Well, as we was approaching him he was starting towards outside of the road and I touched my brakes and let off of them and by that time he started in again and I mashed by brakes plumb down and he had the road blocked on my side, and when we hit that's all I remember. I couldn't say whether I was stopped or moving at the time I hit him. I don't know, but I do say he had the road blocked. He was coming in at an angle."

Jessie L. Greene was riding as a passenger in the front seat of plaintiff's automobile. He testified on direct examination: ". . . I saw the car, and as we neared it — the 1951 Ford — it seemed to . . . Well, as we got nearer, it came toward the center of the road into our lane and he must have saw us. He stopped. When he stopped, he was . . . his left front wheel I'd say was 3 feet from the

right hand edge of the road travelling south. It's a wide road; he was sitting at an angle. . . . When I first saw the Lackey car, it was down the road. I don't know how far. . . . I didn't see the defendant Lackey give any hand signal." On cross-examination he said he was about 800 yards from defendant's automobile the first time he saw it. He said on cross-examination: "It is hard to say how far Mr. Carswell's Ford was from him at the time he came to a stop. I'd say we were 100 yards from the 1951 Ford when it came to a stop. After it came to a stop, it never moved after that until the collision occurred."

A State Highway Patrolman, a witness for plaintiff, arrived at the scene shortly after the collision. When he arrived, defendant's automobile was in the left lane travelling south, and plaintiff's automobile was off on the shoulder going south. There was debris in the center of the road, and there was a quantity of it in the right lane headed south — more so than in the left lane. In the right lane going south he saw skid marks 261 feet long, which stopped 10 or 12 feet before they reached the debris. There was a break of six or seven feet in the skid marks, and these marks veered to the center of the road where debris was found. The sole damage to the two automobiles was on their left fronts.

Defendant's evidence tends to show as follows: He was on his side of the road. He saw plaintiff's automobile coming toward him zigzagging and with his tires squalling. He brought his automobile to a complete stop, giving a left turn signal before he stopped. Plaintiff's automobile crashed into him on his side of the road, and knocked his automobile back 33 feet.

Defendant contends in his brief that the chief reason why his motion for judgment of involuntary nonsuit should be sustained is that plaintiff's evidence shows that defendant came to a complete stop from which he did not move, when plaintiff was 100 or 300 feet away, and with no other traffic on the highway and a 13 or 14-feet shoulder on plaintiff's right, plaintiff skidded more than 261 feet into defendant's automobile.

It is true, plaintiff's witness Greene testified on cross-examination defendant brought his automobile to a complete stop before the collision. But plaintiff testified on direct-examination: "I laid off the brakes and when I hit them again he was coming on our side of the road." And plaintiff testified on cross-examination: "I didn't say whether Mr. Lackey brought his car to a stop before the collision occurred. Well, as we was approaching him he was starting towards outside of the road and I touched my brakes and let off of them and

by that time he started in again and I mashed my brakes plumb down and he had the road blocked on my side, and when we hit that's all I remember." Considering plaintiff's evidence in the manner most favorable to him, it does not show unequivocally that defendant brought his automobile to a complete stop before the collision when plaintiff was 100 or 300 feet away, or that he brought it to a complete stop before the collision.

Plaintiff avers in his complaint that defendant was negligent (1) in operating his automobile in that he did not give to plaintiff's automobile meeting him at least one-half of the main travelled portion of the roadway as nearly as possible in violation of G.S. 20-148, (2) in driving his automobile at an unlawful and negligent rate of speed, and turning his automobile on to plaintiff's right hand side of the road, when he knew, or should have known, that his actions would cause a violent collision between his and plaintiff's automobiles, and (3) in driving his automobile "carelessly, heedlessly in wilful or wanton diregard of the rights and safety of others, and without due caution and circumspection, and in a manner so as to seriously endanger the lives and property of others using the said public highway, and particularly the life and property of the plaintiff, when he failed to yield the right of way to the plaintiff and drove his said car over into the plaintiff's right hand lane of traffic in direct violation of G.S. 20-140," and that such negligence proximately caused plaintiff's injuries and damage to his automobile.

A violation of G.S. 20-148 is negligence *per se. Watters v. Parrish,* 252 N.C. 787, 115 S.E. 2d 1. A violation of G.S. 20-140 is negligence *per se. Crotts v. Overnite Transportation Co.,* 246 N.C. 420, 98 S.E. 2d 502. Ordinarily, proximate cause is for the jury. *Lyerly v. Griffiin,* 237 N.C. 686, 75 S.E. 2d 730.

Plaintiff has presented plenary evidence tending to show defendant's negligence in support of the allegations in his complaint, with the exception that plaintiff has offered no evidence tending to show that defendant was driving his automobile at an unlawful or negligent rate of speed, or at a rate of speed so as to endanger or be likely to endanger any person or property on the highway.

The Court cannot allow a motion for judgment of involuntary nonsuit on the ground of contributory negligence on the part of the plaintiff in actions for personal injury, if it is necessary to rely either in whole or in part on defendant's evidence to sustain the plea of contributory negligence. *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307.

This Court said in *Pruett v. Inman,* 252 N.C. 520, 114 S.E. 2d 360; "Contributory negligence is an affirmative defense which the defendant must plead and prove. G.S. 1-139. Nevertheless, the rule is firmly embedded in our adjective law that a defendant may avail himself of his plea of contributory negligence by a motion for a compulsory judgment of nonsuit under G.S. 1-183, when the facts necessary to show contributory negligence are established so clearly by plaintiff's own evidence that no other conclusion can be reasonably drawn therefrom."

"Only when plaintiff proves himself out of court is he to be nonsuited on the evidence of contributory negligence." *Lincoln v. R. R.,* 207 N.C. 787, 178 S.E. 601.

The highway on which plaintiff and defendant were travelling was being resurfaced, and the shoulders were dangerous by reason of the fact that the asphalt had been poured, and the shoulders had not been built up to it. At and near the scene of the collision the shoulder is 13 or 14 feet wide, and beyond the shoulder there is a ditch, and a creek running parallel with the road. In our opinion, a study of plaintiff's evidence does not establish facts necessary to show contributory negligence on his part so clearly that no other conclusion can be reasonably drawn therefrom. Such being the case, a judgment of involuntary nonsuit on the ground of contributory negligence would have been improper. *Bondurant v. Mastin,* 252 N.C. 190, 113 S.E. 2d 292.

"Discrepancies and contradictions, even in plaintiff's evidence, are for the twelve and not for the court," *Brafford v. Cook,* 232 N.C. 699, 62 S.E. 2d 327, and do not justify a nonsuit. *Keaton v. Taxi Co.,* 241 N.C. 589, 86 S.E. 2d 93.

The trial court was correct in denying defendant's motion for judgment of involuntary nonsuit made at the close of all the evidence.

The first issue reads: "Was the plaintiff, Hollis Carswell, injured and his property damaged by the negligence of the defendant, as alleged in the complaint?" In respect to this issue the trial court charged in part: "Or if you find from the evidence and by its greater weight, the burden being upon the plaintiff to so establish, that the defendant at the time and place in question was operating his automobile without due care and circumspection or at a speed or in a manner so as to endanger or be likely to endanger the person or property of another; or if you find that he failed to keep a proper lookout; or that he failed to keep his car under proper control — and so find from the evidence and by its greater weight, the burden being on the plaintiff to so establish, and that the violation of any

one of these acts, or all of them, was the proximate cause, or a proximate cause of the injury and damage to the person and property of the plaintiff — if you so find from the evidence and by its greater weight, the burden being upon the plaintiff to so establish, the court charges you it would be your duty to answer the first issue Yes."

Defendant assigns this part of the charge as error on the grounds (1) that plaintiff has offered no evidence tending to show that defendant was operating his automobile at a speed so as to endanger or be likely to endanger the person or property of another, and (2) that plaintiff did not allege defendant's failure to keep a proper lookout.

Plaintiff's evidence does not tend to show that defendant was operating his automobile at a speed so as to endanger or be likely to endanger the person or property of another or that he was operating it at an unlawful or negligent rate of speed, and plaintiff has not alleged in his complaint or reply that defendant failed to keep a proper lookout.

G.S. 1-180 declares that the judge in giving a charge to the petit jury "shall declare and explain the law arising on the evidence given in the case." The headnote of *Farrow v. White,* 212 N.C. 376, 193 S.E. 386, in our Reports reads: "Where there is no allegation or evidence that defendant driver failed to give a warning signal required of him by the statute under the circumstances, it is error for the court to charge the law requiring the giving of such signal, since the court is required to charge the law arising upon the evidence, C.S., 564."

This Court said in *Andrews v. Sprott,* 249 N.C. 729, 107 S.E. 2d 560: "The court committed error in charging with respect to the defendant's operation of his car at a reckless rate of speed. Her objection seems to be valid. The complaint does not allege and the evidence does not show speed. It is error to charge on an abstract principle of law not supported by any view of the evidence."

If the plaintiff is to succeed at all, he must do so on the case set up in his complaint. *Sale v. Highway Com.,* 238 N.C. 599, 78 S.E. 2d 724.

In charging on the first issue that if the jury found from the evidence and by its greater weight, the burden of proof being on the plaintiff, "that the defendant at the time and place in question was operating his automobile . . . or at a speed . . . so as to endanger or be likely to endanger the person or property of another; or if you find that he failed to keep a proper lookout . . . , and that

the violation of any one of these acts, or all of them, was the proximate cause, or a proximate cause of the injury and damage to the person and property of the plaintiff . . . , the court charges you it would be your duty to answer the first issue Yes," the trial court committed prejudicial error, which entitles defendant to a new trial, and it is so ordered.

New trial.