MODERN ELECTRIC COMPANY, INC. v.
S. E. DENNIS, T/A DENNIS MOTOR SERVICE.

(Filed 1 May 1963.)

**1. Trial § 33—**

It is error for the court to charge the jury as to matters materially affecting the issues but not raised by the pleadings or supported by the evidence in the case.

**2. Same; Negligence § 28—**

A correct charge on aspects of negligence presented by the evidence and on proximate cause is rendered prejudicial by a further instruction permitting the jury to answer the issue of negligence in the affirmative if defendant was "negligent in any other way which the court may not have specifically mentioned," since such additional instruction does not confine the jury to aspects of negligence raised by the pleadings and supported by evidence.

**3. Master and Servant § 21; Negligence § 22—**

Even when the crucial question is whether defendant was employed to do the work as an independent contractor or whether plaintiff merely leased defendant's servant and equipment in order to do the job himself, evidence that defendant did not obtain liability insurance for the job cannot be admissible as tending to show that defendant did not regard himself as liable in the performance of the work, since the prejudicial effect of the evidence outweighs any probative force it may have on the question.

APPEAL by defendant from *Hobgood, J.,* April 1962 Civil Term of DURHAM. This appeal was docketed in the Supreme Court as Case No. 669 and argued at the Fall Term 1962.

Civil action to recover damages to an electric switchboard which fell while defendant was hoisting it with a crane truck for installation on the second floor of a new addition to the Herald Sun Building in Durham in which plaintiff was installing the electrical system. Issues of negligence, contributory negligence, and damages were submitted to the jury and answered in plaintiff's favor. From a judgment entered on the verdict, defendant appealed.

*Haywood & Denny by George W. Miller, Jr., and Egbert Haywood for plaintiff appellee.*

*Bryant, Lipton, Bryant & Battle by Victor S. Bryant and F. Gordon Battle for defendant appellant.*

SHARP, J. This is the second appeal in this case. The first is reported in 255 N.C. 64, 120 S.E. 2d 533. The evidence in the two trials was substantially the same, and reference is made to the former opinion for a full resume of both the pleadings and the evidence. Briefly, the controversy revolves around this question: Did plaintiff employ defendant as an independant contractor to unload and hoist the switchboard to the second floor of the building or did plaintiff merely lease defendant's servant and equipment in order to do the job himself? If, in the hoisting operation, the operator of the crane, Thomas A. Gooch, was subject to the control of plaintiff as a lent or

hired servant, defendant would not be liable to the plaintiff for Gooch's negligence. *Hodge v. McGuire,* 235 N.C. 132, 69 S.E. 2d 227. For a full discussion of the law applicable to the loaned-servant situation, see the opinion of *Bobbitt, J.,* in *Weaver v. Bennett,* 259 N.C. 16, 129 S.E. 2d 610. While this principle formed the background of the case, it was not brought into sharp focus either by the issues or in the charge.

Defendant assigns as error the italicized portion of the following excerpt from the charge:

> "Now, if you find from the evidence and by its greater weight that the defendant through its employee failed to use due care, or that the defendant either himself or through his employee failed to properly supervise the hoisting operation and that he further had the duty to supervise it and you are satisfied by the greater weight of the evidence of those facts, and you are satisfied that this was negligence, *that he was negligent in one of these respects, or negligent in any other way which the Court may not have specifically mentioned,* and if you further are satisfied by the greater weight of the evidence that such negligence was a proximate cause of the damage suffered by the plaintiff, it would be your duty to answer Issue #1, YES."

G.S. 1-180 requires the trial judge to "declare and explain the law arising on the evidence given in the case." We have repeatedly held that it is error for the judge to charge the jury as to matters materially affecting the issues but not raised in the pleadings or supported by the evidence in the case. *William v. Dowdy,* 248 N.C. 683, 104 S.E. 2d 884; *Carswell v. Lackey,* 253 N.C. 387, 117 S.E. 2d 51; *Farrow v. White,* 212 N.C. 376, 193 S.E. 386; *McGinnis v. Robinson,* 252 N.C. 574, 114 S.E. 2d 365. *A fortiori,* it is error to give the jury *carte blanche* to speculate and apply to the case their individual notions as to what might constitute negligence "in any other way which the court might not have specifically mentioned." An identical instruction was specifically disapproved in *Rudd v. Stewart,* 255 N.C. 90, 120 S.E. 2d 601. To borrow the phrase used by *Justice Higgins* in *Utilities Commission v. Public Service Company,* 257 N.C. 233, 125 S.E. 2d 457, this instruction was "a grant to roam at large in an unfenced field." It would have been potentially hazardous even in the vacuous pre-television era. Today, as all trial judges know, on every panel there are jurors who have never before been to court but who have become arm-chair courtroom buffs as the result of regular attendance upon television trials which can be counted on to provide a dramatic

solution to the issues in the case within the time allotted to the program. Frequently the denouement has not been supported by any visible evidence, but it is always calculated to satisfy the audience.

In *Louisville & N.R. Co. v. Loesch*, 215 Ky. 452, 284 S.W. 1097, the plaintiff sued for damages sustained when the car in which she was riding struck a guardrail at defendant's toll bridge. Her only allegation of negligence was that the defendant failed to adequately light the guardrail. The judge charged the jury that it was defendant's duty "to use ordinary care to protect vehicular traffic using said bridge at said place at nighttime, by giving such notice, by the use of lights *or other means* as was reasonably sufficient to give timely warning to the traveling public of the presence of said timber guard referred to." (Italics ours) The court said:

> "(W)e are impelled to the conclusion that the insertion of the words 'or other means' was not only erroneous but prejudicial to appellant's substantial rights. That such an instruction might have been misleading to the jury is obvious, for they might have assumed under that language it was the duty of the defendant to have had posted at or near the timber guards an employee to especially warn and notify each traveler of the existence of that timber guard, or they might have considered it to be the duty of defendant to use other means of an undefined nature for the furnishing of protection."

Since this case must go back for a new trial because of the error in the charge, we deem it expedient to discuss one other question raised by defendant's assignments of error on this appeal. For the purpose of showing that he was not acting as an independent contractor on the occasion in question, defendant attempted to testify that he carried no liability insurance on this particular job; that when he assumed responsibility, it was his custom in all such instances to carry liability insurance; that on a previous job for the plaintiff, plaintiff had stopped the work when he learned defendant had no liability insurance and had procured the insurance himself. Upon plaintiff's objection this evidence was excluded from the jury. It is noted that the excluded evidence did not tend to show that the parties ever discussed liability insurance with reference to this job.

Evidence that the defendant carried liability insurance is clearly irrelevant on the issue of negligence. 20 Am. Jur., Evidence, Section 388. The converse, a showing that the defendant had no insurance, is equally immaterial and erroneous for it amounts to nothing more than a plea of poverty. *Piechuck v. Magusiak*, 82 N.H. 431, 135 A 534;

*King v. Starr* (Wash. S. Ct.-1953), 260 P 2d 361; *Rojas v. Vuocolo,* 142 Tex. 152, 177 S.W. 2d 962; *Graham v. Wriston* (W. Va. S. Ct. of App.-1961), 120 S.E. 2d 713.

However, as this Court has held, circumstances may render the fact of insurance competent upon other issues. Stansbury, North Carolina Evidence, Section 88; *Davis v. Shipbuilding Co.,* 180 N.C. 74, 104 S.E. 82. In a suit for damages growing out of the operation of a vehicle, it may tend to prove the relationship of the defendant to the operator or his ownership thereof since persons do not ordinarily provide insurance on property which they do not own or control. Anno: Showing as to Liability Insurance, 4 A.L.R. 2d 761, 765,; 20 Am. Jur., Evidence, Section 390. It does not necessarily follow, however that the reverse is true.

If a defendant contends that X whose active negligence caused the plaintiff's damage, was an independent contractor for whom he was not responsible, the relevancy of evidence that the defendant had protected himself against liability for X's negligence is apparent. *Isley v. Winfrey,* 221 N.C. 33, 18 S.E. 2d 702; *Biggins v. Wagner,* 60 S.D. 581, 245 N.W. 385.

The defendant contends that evidence that one alleged to be an independent contractor had not protected himself with insurance against the negligence of the operator of his equipment is equally competent to show the operator was not his employee. He argues in his brief: "A man does not purchase insurance to protect himself where he entrusts the responsibility of equipment to another. A man does purchase insurance when he knows that he is bearing the risk of loss inherent in responsibility and control." However, it is not necessarily so. A man may fail to take out insurance for many reasons. Among others, he may lack funds; he may deliberately assume the risk of liability as a self-insurer; he may have forgotten or neglected to do it; the job may have been uninsurable. It seems to us that the prejudicial effect of this evidence would so far outweigh any small probative value it might have that it must be held inadmissible.

The only case cited by the defendant in behalf of the admissibility of this negative evidence— and the only one our research has discovered — is *Albrecht v. Safeway Stores Inc., et al.* 159 Ore. 331, 80 Pac. 2d 62, in which plaintiff sued a father and his son for injuries sustained when the son, operating the father's car, collided with the automobile owned by the third defendant and operated by its agent, the fourth defendant, in which plaintiff was a passenger. The father testified that the son was driving his car without his permission which had been refused because the father had no liability insurance. The

other defendants moved for a mistrial because of this testimony. The motion was denied. When the jury exonerated the father and son and held the third and fourth defendant solely liable they appealed, assigning the denial of their motion as error. The Oregon Court said: "It was entirely proper and relevant for the father to state the reason why he did not give his consent for such use of the car even if it did bring to the attention of the jury the matter of insurance."

The two cases cited by the Oregon Court to sustain this conclusion do not seem to us to do so. In both, the fact that the defendants were insured was elicited to show the interest and bias of certain witnesses. Furthermore, even if we were to concede that it is the same thing to say, "I refused to lend my car because I had no insurance on it," and "I did not take out any insurance on my equipment on this particular occasion because my employee was operating it as the agent of another," the result of this Oregon case seems to demonstrate the overriding prejudicial effect of such evidence. We do not mean to say that there might not be situations in which evidence that a party had no liability insurance would be competent, but we do hold that the ruling of the trial court excluding it in this case was correct.

For the reasons stated there must be a
New trial.