JAMES RAY PARLIER v. TOMMY BARNES & JUD BARNES AND JUD
   BARNES, GUARDIAN AD LITEM OF TOMMY BARNES.

(Filed 16 October 1963.)

**1. Automobiles § 41f—**

   The evidence in this case *is held* sufficient to be submitted to the jury
   on the issue of defendant's negligence in colliding with the rear of the
   automobile driven by plaintiff.

**2. Trial § 33—**

   A charge which contains a statement of the respective contentions of
   the parties and a statement of the abstract principles of law involved in
   the case, but which fails to apply the law to the facts in evidence or
   charge the jury the respective circumstances under which the issues should
   be answered in the affirmative and in the negative, must be held for pre-
   judicial error. G.S. 1-180.

**3. Automobiles § 46—**

   Where there is no evidence that the scene of the accident was within a
   business district as defined in G.S. 20-38(a), a charge as to the maximum
   speed in a business district must be held for prejudicial error in charging
   on an abstract principle of law not supported by any evidence in the case.

APPEAL by defendants from *Sink, E. J.,* Regular June 1963 Civil
Session of WATAUGA.

Civil action, instituted 28 June 1962, to recover damages for per-
sonal injuries caused by the alleged actionable negligence of Tommy
Barnes, minor son of Jud Barnes, in the operation of a Chevrolet
automobile owned by and registered in the name of Jud Barnes, and
kept by him for the convenience, pleasure, and business of his
family.

Defendants filed a joint answer in which they deny that Tommy
Barnes was negligent in the operation of his father's automobile,
conditionally plead contributory negligence of plaintiff in the opera-
tion of his automobile as a bar to any recovery by him, and in
which Jud Barnes avers a counterclaim to recover for damages to
his automobile allegedly caused by the actionable negligence of
plaintiff in the operation of his automobile.

The jury found by its verdict that plaintiff was injured by the
negligence of Tommy Barnes, as alleged, that at the time of the
collision Tommy Barnes was acting as agent of Jud Barnes and
within the scope of his agency (this issue was answered "Yes" by
consent), that plaintiff was free from contributory negligence as al-
leged in the answer, and awarded him damages in the sum of $10,-
000. The jury did not answer the issues arising upon the counter-
claim of Jud Barnes.

PARLIER *v.* BARNES.

From a judgment in accord with the verdict, defendants appeal.

*Holshouser & Holshouser for defendant appellants.*
*McElwee & Hall by Richard A. Vestal for plaintiff appellee.*

PER CURIAM. Plaintiff's evidence tends to show: About 5:30 p.m. on 10 May 1962 he was driving his automobile west on King Street in the town of Boone. He stopped behind a truck preparing to make a left turn, and had his left arm extended "with a slow or stop sign." After he had been stopped there for approximately three or four minutes, Tommy Barnes driving his father's automobile ran into the rear of his automobile. He was thrown forward, then jerked back over the seat, and then thrown forward again. He sustained serious injuries as a result of the collision.

The joint answer admits that Jud Barnes was the owner of the automobile his son Tommy Barnes was driving at the time of the collision, and that it was registered in the name of Jud Barnes as owner.

Defendant Tommy Barnes testified on cross-examination: "I was going 35 miles an hour. * * * I remember talking to the Chief of Police up there. * * * I guess I said that I told Mr. Thomas that I ran into the back of this car because I just didn't see it. I told him the car stopped suddenly in front of me and I hit him. I told Mr. Thomas that." The Mr. Thomas referred to was Hubert Thomas, Chief of Police of the town of Boone, and a witness for plaintiff.

The complaint alleges, *inter alia,* Tommy Barnes was negligent in operating the automobile without keeping a proper lookout.

Considering plaintiff's evidence in the light most favorable to him, and the evidence of defendants favorable to him, it was sufficient to carry the case to the jury, and defendants' assignment of error that the court erred in denying their motion for compulsory nonsuit made at the close of all the evidence is overruled. *Smith v. Rawlins,* 253 N.C. 67, 116 S.E. 2d 184; *Dunlap v. Lee,* 257 N.C. 447, 126 S.E. 2d 62; G.S. 20-71.1.

Defendants assign as error the failure of the court in its charge to apply the law to the evidence on the substantial features of the case, in that the court failed to charge and apply the applicable statutory law as to speed of automobiles, and failed to charge and apply the law as it relates to the variant factual situations arising on the evidence given in the case.

A study of the charge shows that the court gave the contentions of the parties and instructed the jury with respect to negligence and

proximate cause according to the rule of the reasonably prudent man, with respect to the maximum speed in a "business district," and with respect to giving a signal when preparing to stop. But nowhere in the charge did the court instruct the jury what facts it was necessary for them to find to constitute negligence on the part of Tommy Barnes, and contributory negligence on the part of plaintiff. Nowhere in the charge did the court instruct the jury as to the circumstances under which the first issue, as to whether plaintiff was injured by defendants' negligence, should be answered in the affirmative, and under what circumstances it should be answered in the negative.

In *Glenn v. Raleigh*, 246 N.C. 469, 98 S.E. 2d 913, it is said:

> "The chief purpose of a charge is to aid the jury to understand clearly the case, and to arrive at a correct verdict. For this reason, this Court has consistently ruled that G.S. 1-180 imposes upon the Trial Judge the positive duty of declaring and explaining the law arising on the evidence as to all the substantial features of the case. A mere declaration of the law in general terms and a statement of the contentions of the parties, as here, is not sufficient to meet the statutory requirement. *Hawkins v. Simpson*, 237 N.C. 155, 74 S.E. 2d 331, where 14 of our cases are cited. In *Lewis v. Watson*, 229 N.C. 20, 47 S.E. 2d 484, this Court said, quoting from Am. Jur.: 'The statute requires the judge "to explain the law of the case, to point out the essentials to be proved on the one side or the other, and to bring into view the relations of the particular evidence adduced to the particular issues involved." 53 Am. Jur., Trial, section 509.' "

Unless the mandatory provision of G.S. 1-180 is complied with, "there can be no assurance that the verdict represents a finding by the jury under the law and on the evidence presented." *Smith v. Kappas*, 219 N.C. 850, 15 S.E. 2d 375.

We can find nothing in the record to indicate that the collision here occurred in a "business district," as such a district is defined in G.S. 20-38 (a). The maximum speed in a "business district" is 20 miles per hour, G.S. 20-141 (b) (1); in a "residential district" 35 miles per hour, G.S. 20-141 (b) (2). There is nothing in the record to indicate that the collision here occurred in a "residential district," as such a district is defined in G.S. 20-38 (w)1. The court charged the maximum speed in a "business district" was 20 miles per hour, but did not charge as to the maximum speed elsewhere.

Under the facts here, this charge on an abstract principle of law not supported by any evidence in the case is prejudicial error. *Carswell v. Lackey*, 253 N.C. 387, 117 S.E. 2d 51; *Andrews v. Sprott*, 249 N.C. 729, 107 S.E. 2d 560.

For errors in the charge defendants are entitled to a new trial, and it is so ordered.

New trial.