RUTH T. WHITE v. JOHN COTHRAN AND VERNON LEE COTHRAN.

(Filed 20 November 1963.)

**1. Automobiles § 17—**

> Where the evidence discloses that the street intersection in question had electrically operated traffic signals, with the usual red, yellow, and green lights, the rights of a motorist at such intersection are controlled by the traffic signals and not by G.S. 20-154(b).

**2. Same—**

> A motorist approaching an intersection controlled by signal lights is under duty to maintain a proper lookout and to keep his vehicle in reasonable control in order that he may stop before entering the intersection if the green light changes to yellow or red before he enters the intersection, and a following motorist is under duty to keep his vehicle under reasonable control in order that he may avoid collision with the preceding vehicle in the event its driver is required to stop before entering the intersection by reason of the changing of the signal lights.

WHITE *v.* COTHRAN.

### 3. Automobiles § 46—

Where all of the evidence tends to show that as plaintiff approached the intersection controlled by electric traffic signals, but before reaching the intersection, the green light changed to yellow, and that plaintiff brought her car to a stop just before entering the intersection, it is error for the court, in plaintiff's action against the driver of a following car colliding with the rear of her car, to charge the law under G.S. 20-154(b) or to charge upon the rights of the parties if plaintiff had stopped while the traffic light facing her was green.

### 4. Trial § 33—

It is prejudicial error for the court to instruct the jury in regard to the law not presented by the evidence in the case.

### 5. Appeal and Error § 38—

An assignment of error not brought forward and argued in the brief will be deemed abandoned. Rule of Practice in the Supreme Court No. 28.

APPEAL by plaintiff from *Bickett, J.,* April Session 1963 of FRANKLIN.

This is a civil action instituted by the plaintiff to recover for personal injuries allegedly sustained as the result of a rear-end collision on 8 May 1959, about 11:15 p.m., between an automobile driven by plaintiff and an automobile driven by defendant Vernon Lee Cothran, under the circumstances hereinafter set out.

Plaintiff appellant was driving an automobile in an easterly direction along Andrews Avenue, approaching the intersection of Clark Street with said Avenue, in the City of Henderson, North Carolina. Defendant appellee was operating his automobile to the rear of plaintiff's automobile and following plaintiff's car along Andrews Avenue.

At the intersection of Andrews Avenue and Clark Street there is a traffic light, electrically operated, with the usual red, yellow, and green lights. The municipal ordinance of Henderson governing traffic control signals was not introduced in the trial below.

Plaintiff's evidence tends to show that as she approached the intersection, the traffic light changed from green to yellow, and she applied her brakes, stopping just short of the lines marked upon the street for the pedestrian crossing; that within seconds after stopping, the defendant's automobile ran into the rear of plaintiff's automobile, causing plaintiff to suffer whiplash injuries.

Defendant Vernon Lee Cothran testified: "Traffic was moving approximately 15 miles per hour. * * * As we were nearing the stop light Ruth White came to a sudden stop near the intersection and the light changed, and as it changed, as quick as it did, she just came to a sudden stop, and when it did, my car ran into the rear of hers. * * * I didn't see the green light change to red, but I looked up and saw the

green light and put my eyes back on the road and she come up to the light and stopped when it changed. * * * I * * * expected her to go on through, but, instead, the lights flashed on change quick and she came to a sudden stop and I went into her car."

The defendant further testified that he was following the plaintiff at a distance of 10 or 15 feet.

At the close of plaintiff's evidence, defendant John Cothran moved for judgment as of nonsuit as to him. The motion was allowed.

The jury answered the first issue against the plaintiff. Judgment was entered on the verdict, and the plaintiff appeals, assigning error.

*Yarborough & Yarborough for plaintiff appellant.*
*Lumpkin, Lumpkin & Davis for defendants appellee.*

DENNY, C.J.  The appellant assigns as error the following portions of the charge to the jury: (1) "Now, there is another statute pleaded by the defendant in this case which is designated as 20-154, General Statutes of North Carolina, which provides: The duties of all drivers of a motor vehicle upon either turning or starting or stopping a motor vehicle, and that statute provides that the driver of any vehicle upon highways before starting, stopping or turning from a direct line—in this case, the only allegation and the only proof has to do with stopping—there is no allegation of turning at all, as the court recalls it—that is, they shall first see that such movement, that is, such stopping, can be made in safety, and if they fail to observe that admonition and use reasonable care and due diligence to see that the stopping could be made in safety, that, of course, would be negligence, if one of the proximate causes or the proximate cause of the injury or damage, and would be actionable negligence;" and (2) "It is not required by law that you ascertain that a movement can be made in absolute safety, it only requires that you use the care and prudence that an ordinarily reasonable man should—If she failed to ascertain that such movement could be made in safety, and if she failed to ascertain that such stopping could be made in safety with the green light on, then that would be negligence on the part of Mrs. White, the plaintiff, but if the green light was on when she stopped there, it would also be her duty to give a signal by electrical device or otherwise and such signal to continue for at least 100 feet before reaching the stop light, provided that the stop light was green, and her failure to give such signal would be negligence, and if a proximate cause of the injury or damage to Mrs. White, would be actionable negligence."

In a factual situation like that presented on this appeal, the right of the plaintiff to enter the intersection involved and her duty to stop before entering such intersection, were controlled by the electrically operated traffic signal and not by G.S. 20-154 (b).

As to the second portion of the charge to which the plaintiff excepted and assigns as error, we have held: The meaning and force to be given to electrically operated traffic control signals, in the absence of a statute or ordinance, "is that meaning which a reasonably prudent operator of an automobile should and would understand and apply. *Coach Co. v. Fultz,* 246 N.C. 523. Traffic signals of the kind here described are in such general use that it is, we think, well known by motor vehicle operators that a red traffic light is a warning that the highway is closed in order to permit those using the intersecting highway safe passage through the intersection. Hence, prudence dictates that he should stop. The meaning of the amber light is likewise recognized. It cautions but not in the positive tones of the red light. It warns that red is about to appear, and that it is hazardous to enter. It affords those who have entered on the green light the opportunity to proceed through the intersection before the crossing traffic is invited to enter. *Jackson v. Camp & Brown Produce Co.,* 88 S.E. 2d 540 (Ga.); Blashfield Automobile Law, sec. 1040, perm. ed. The green light indicates that the motorist may proceed. It does not guarantee safe passage through the intersection. The driver accepting the invitation must continue to exercise the care of a reasonably prudent person under similar conditions." *Wilson v. Kennedy,* 248 N.C. 74, 102 S.E. 2d 459. *Beatty v. Bowden,* 257 N.C. 736, 127 S.E. 2d 504; *Bass v. Lee,* 255 N.C. 73, 120 S.E. 2d 570; *Shoe v. Hood,* 251 N.C. 719, 112 S.E. 2d 543; *Williams v. Funeral Home,* 248 N.C. 524, 103 S.E. 2d 714; *Funeral Service v. Coach Lines,* 248 N.C. 146, 102 S.E. 2d 816; *Hyder v. Battery Co.,* 242 N.C. 553, 89 S.E. 2d 124; *Cox v. Freight Lines,* 236 N.C. 72, 72 S.E. 2d 25.

When a motorist approaches an electrically controlled signal at an intersection of streets or highways, he is under the legal duty to maintain a proper lookout and to keep his motor vehicle under reasonable control in order that he may stop before entering the intersection if the green light changes to yellow or red before he actually enters the intersection. Likewise, another motorist following immediately behind the first motorist, is not relieved of the legal duty to keep his motor vehicle under reasonable control in order that he might not collide with the motor vehicle in front of him in the event the driver of the first car is required to stop before entering the intersection by reason of the signal light changing from green to yellow or red.

A careful examination of all the evidence adduced in the trial below fails to reveal any evidence tending to show that the plaintiff stopped her car on the occasion involved while the signal light was green for her. On the other hand, the evidence of the plaintiff and defendant tends to show that as the plaintiff was approaching the intersection, controlled by electric signals, but before reaching the intersection, the green light changed to yellow and the plaintiff brought her car to a stop just before entering the intersection.

G.S. 1-180 provides that in charging the jury the judge "shall declare and explain the law arising on the evidence given in the case." In our opinion, the law as applied in the foregoing portions of the charge, to which the plaintiff excepted and assigns as error, did not arise on the evidence given in the trial below. *Farrow v. White,* 212 N.C. 376, 193 S.E. 386; *Andrews v. Sprott,* 249 N.C. 729, 107 S.E. 2d 560; *Carswell v. Lackey,* 253 N.C. 387, 117 S.E. 2d 51; *Motor Freight v. DuBose, ante,* 497.

The attorneys for the appellant have not brought forward and argued in their brief plaintiff's assignment of error to the action of the court below in allowing the motion of defendant John Cothran for judgment as of nonsuit. Consequently, this assignment of error will be taken as abandoned. Rule 28 of the Rules of Practice in the Supreme Court, 254 N.C. 783, at page 810.

The plaintiff is entitled to a new trial, and it is so ordered.

New trial.